**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

JOSE MARIA DECASTRO,
Plaintiff,

v.

CITY OF DUNCAN, OKLAHOMA, et al.,
Defendants.

FILED

MAR 16 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY _____ , DEPUTY

**Case No. 5:26-cv-00027**

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF
PROCESS**
(Fed. R. Civ. P. 4(m))

Plaintiff Jose Maria DeCastro, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(m) for a 60-day extension of the deadline to effectuate service of process upon all Defendants. In support thereof, Plaintiff states as follows:

## I. BACKGROUND

1. This action was originally filed in the United States District Court for the Central District of California on December 18, 2025.

2. On January 6, 2026, the Central District issued an Order transferring this matter to the Western District of Oklahoma. The case was officially opened in this District on January 8, 2026, and assigned Case No. 5:26-cv-00027. Plaintiff is in the process of obtaining properly issued summonses from the Western District of Oklahoma and intends to promptly complete service once the summonses are issued. Because the case was transferred between districts and summonses must now issue from the Western District of Oklahoma, additional time is required to complete service.

3. Under Federal Rule of Civil Procedure 4(m), service of process must be effectuated within 90 days of the filing of the complaint. Because this action was originally filed on December 18, 2025, the current service deadline falls on or about March 18, 2026.

## II. GOOD CAUSE EXISTS FOR THE REQUESTED EXTENSION

4. Inter-District Transfer Delays: The transfer of this action from the Central District of California to the Western District of Oklahoma has caused significant administrative delays. Summonses issued or prepared in the originating district were not processed prior to transfer, and Plaintiff must now obtain new summonses from the Western District Clerk's Office before service can be legally effectuated.

5. Parallel Criminal Proceedings: Plaintiff is presently a named defendant in related criminal proceedings styled State of Oklahoma v. Jose Maria DeCastro, Stephens County District Court Case No. CM-2025-529, arising from the same underlying First Amendment audit

at the Duncan Police Department that forms the constitutional basis of this civil rights action. The pendency of those criminal proceedings has required Plaintiff to devote substantial time to addressing the related state case and has complicated coordination with process servers in Oklahoma.

6. Pro Se Status and Geographic Distance: Plaintiff is proceeding pro se and is currently located in California. Coordinating lawful service upon multiple municipal and individual defendants — including the City of Duncan, individual law enforcement officers, and other officials — across state lines requires additional preparation time and logistical resources.

7. Diligence: Despite these impediments, Plaintiff has remained diligent. Plaintiff has monitored the docket following transfer, confirmed the assignment of a presiding judge in this District, and is arranging for summonses to be issued and delivered to a private process server authorized to serve process in Oklahoma immediately upon issuance.

8. No Prejudice to Defendants: This case is in its earliest stages. No scheduling order has been entered, no responsive pleading has been filed, and discovery has not commenced. A 60-day extension will not prejudice any Defendant.

## III. LEGAL STANDARD

9. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

10. Courts in the Tenth Circuit have routinely found good cause where the plaintiff demonstrates reasonable diligence and where the delay results from circumstances substantially outside the plaintiff's control, including inter-district transfers and parallel proceedings. See, e.g., Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995).

11. Even absent a showing of good cause, district courts retain discretion to grant extensions of time to serve process where, as here, there is no evidence of bad faith, delay is minimal, and no prejudice will result to the defendants. Id.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff Jose Maria DeCastro respectfully requests that this Court enter an Order:

(a) Granting this Motion for Extension of Time to Effect Service of Process;

(b) Extending the deadline to complete service of process upon all Defendants for an additional sixty (60) days, to and including May 18, 2026; and

(c) Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Jose Maria DeCastro

JOSE MARIA DECASTRO

Plaintiff, Pro Se

5350 Wilshire Blvd.

P.O. Box 36143

Los Angeles, CA 90036

Email: Chille@situationcreator.com

Dated: March 12, 2026


## CERTIFICATE OF SERVICE

I, Jose Maria DeCastro, hereby certify that on March 12, 2026, I filed the foregoing Motion for Extension of Time to Effect Service of Process with the Clerk of the United States District Court for the Western District of Oklahoma via the Court's CM/ECF system, and/or by first-class U.S. mail, postage prepaid, to the following:

    Defendants have not yet appeared in this action.


/s/ Jose Maria DeCastro

JOSE MARIA DECASTRO

Plaintiff, Pro Se