## IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF OKLAHOMA

JOSE M. DECASTRO,

Petitioner,

v.

THE HONORABLE CARRIE HIXON,

Respondent,

and

DISTRICT ATTORNEY DAN JACOBSMA,

Real Party in Interest.

In re: Stephens County District Court Case No. CM-2025-00530

## EMERGENCY PETITION FOR WRIT OF MANDAMUS

### I. INTRODUCTION

Petitioner Jose M. DeCastro respectfully moves this Court for an Emergency Writ of Mandamus to compel Respondent, Judge Carrie Hixon, and the Real Party in Interest, District Attorney Dan Jacobsma, to fulfill their mandatory ministerial duties. Respondents have maintained a legally defective warrant and a void judgment of costs for more than ninety days in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article 2, Section 6 of the Oklahoma Constitution.

Because the warrant remains active in national criminal databases, Petitioner faces arrest in any jurisdiction despite the confessed status of all pending motions below. No ordinary appellate remedy can address this ongoing deprivation of liberty in time.

### II. THE PROBABLE CAUSE AFFIDAVIT DOES NOT SUPPORT THE CHARGED OFFENSE

Petitioner is charged with three counts of Loitering In/Injuring/Molesting a Motor Vehicle under 21 O.S. § 1787. The probable cause affidavit — filed December 10, 2025 and attached hereto as Exhibit A — alleges that Petitioner walked around police vehicles in a public parking lot, looked inside the vehicles, photographed them, and pulled on door handles without entering.

The affidavit does not allege damage to any vehicle, attempted or actual entry, any theft attempt, or any interference with vehicle operation. It alleges only observation and photography of police vehicles parked in a public lot.

The affidavit therefore fails to establish probable cause for the charged offense even if every allegation is assumed true.

Such conduct is constitutionally protected newsgathering. The First Amendment safeguards the right to observe, photograph, and document government property and government officers performing their duties in public. Observation and photography of police vehicles in a public parking lot cannot, as a matter of law, constitute 'molesting an automobile' under 21 O.S. § 1787. The warrant is therefore void on its face.

## III. CONTROLLING LEGAL AUTHORITY

### A.  Fourth Amendment — Franks v. Delaware, 438 U.S. 154 (1978)

A warrant predicated upon a fraudulent or legally insufficient affidavit is void ab initio under the Fourth Amendment. Continued maintenance of such a warrant is an ongoing, unreasonable seizure of Petitioner's liberty interest.

### B.  Due Process — Mathews v. Eldridge, 424 U.S. 319 (1976)

The Fourteenth Amendment guarantees a meaningful opportunity to be heard before the government deprives a person of liberty. Respondents' failure to rule on any of Petitioner's properly filed motions constitutes a pocket-veto that extinguishes due process.

### C.  Judicial Nonfeasance — State ex rel. Sigler v. State, 2003 OK 23

Where a legal duty is clear, a judge has no discretion to refuse to act. Respondent Hixon's refusal to sign the Confessed Proposed Order of Dismissal is an abuse of judicial power subject to correction by mandamus.

### D.  Jurisdictional Bar — Rule 15 / State ex rel. Wade v. Stephens, 1982 OK CR 204

A judge has no discretion to delay ruling on a recusal motion. Failure to either stay proceedings or immediately refer the matter constitutes a forfeiture of jurisdiction over the underlying case.

### E.  Mandamus Authority — Spivak v. District Court of Oklahoma County, 1990 OK CR 44

Mandamus is the proper remedy to compel performance of a ministerial duty when a lower court refuses to follow the law. No other plain, speedy, or adequate remedy exists.

## IV. STATEMENT OF FACTS

The official docket in Case No. CM-2025-00530, attached hereto as Exhibit A, confirms the following filing dates and the complete absence of any ruling or response by Respondents. Each of the following motions is now confessed by operation of law pursuant to Oklahoma District Court Rule 4(e):

> 1. Motion for Franks Hearing (Filed January 9, 2026) — no ruling has issued in more than two months.

> 2. Defendant's Supplemental Motion for Franks Hearing (Filed January 20, 2026) — no ruling has issued in more than two months.

**3.** Motion to Disqualify District Attorney Dan Jacobsma (Filed January 20, 2026) — no ruling has issued in more than two months.

**4.** Motion for Judicial Recusal of the Honorable Carrie Hixon (Filed January 20, 2026) — no ruling has issued in more than two months.

**5.** Defendant's Motion to Deem Motions Confessed (Filed February 13, 2026) — no ruling has issued in thirty days.

**6.** Proposed Order of Dismissal (Filed February 13, 2026) — unsigned after thirty days.

The docket further reflects that a $792.00 balance is listed as 'Amount Owed,' consisting entirely of fees and costs assessed on a case that cannot proceed as a matter of law.

## V. EMERGENCY STATUS

This Petition is properly designated as an Emergency. Respondents continue to maintain an active arrest warrant in a case that cannot proceed as a matter of law. Petitioner is a California resident who cannot safely travel to or through Oklahoma while this void warrant remains active. Because the warrant is entered in the National Crime Information Center and related state law enforcement databases, Petitioner is subject to arrest in any jurisdiction in the United States at any time. This is an ongoing illegal restraint of liberty that no ordinary appeal can timely remedy.

## VI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests this Court issue a Writ of Mandamus commanding Respondents to:

**1.** Perform their ministerial duty to SIGN the Confessed Proposed Order dismissing Case No. CM-2025-00530 WITH PREJUDICE immediately upon receipt of this Court's order;

**2.** Immediately recall and revoke the void misdemeanor arrest warrant issued December 10, 2025;

**3.** Direct the immediate recall of the warrant and notification of all relevant law enforcement databases, including the National Crime Information Center; and

**4.** Zero all financial records and 'Amounts Owed' currently listed on the OSCN/ODCR docket to end the unlawful maintenance of costs and fees on a void judgment.

Respectfully submitted,

**DATED: March 16, 2026**

/s/ Jose M. DeCastro

Jose M. DeCastro

Petitioner, Pro Se

5350 Wilshire Blvd., P.O. Box 36143

Los Angeles, California 90036

Phone: 310-963-2445

Email: Chille@situationcreator.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2026, a true and correct copy of the foregoing Emergency Petition for Writ of Mandamus, together with all exhibits, was served via United States Certified Mail, Return Receipt Requested, upon the following parties:

**1. THE RESPONDENT:**

>   The Honorable Carrie Hixon
>
>   Stephens County District Court
>
>   101 S. 11th Street
>
>   Duncan, Oklahoma 73533

**2. THE REAL PARTY IN INTEREST:**

District Attorney Dan Jacobsma

Stephens County District Attorney's Office

101 S. 11th Street

Duncan, Oklahoma 73533

/s/ Jose M. DeCastro

Jose M. DeCastro

Petitioner, Pro Se

---

**EXHIBIT A — CERTIFIED DOCKET (PRINT AND ATTACH): https://odcr.com/detail?court=069-&casekey=069-CM++2500530**