# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSE MARIA DeCASTRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF DUNCAN, OKLAHOMA; | ) | |
| SUZANNAHE SMITH, in her individual | ) | |
| and official capacities; | ) | |
| CONNOR NEWMAN, in his individual | ) | |
| and official capacities; | ) | |
| WILLIAM FITZHUGH, in his individual | ) | Case No. 5:26-cv-00027 |
| and official capacities; | ) | |
| BRIAN ATTAWAY, in his individual and | ) | |
| official capacities; | ) | |
| DAVID HAMMOND, in his individual | ) | |
| and official capacities; | ) | |
| DAN JACOBSMA, in his individual and | ) | |
| official capacities; | ) | |
| DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SUZANNAHE SMITH'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
Jessica James Curtis, OBA #35140
**PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2903
*Attorneys for Defendant Suzannahe Smith*

— April 22, 2026 —

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ii

INDEX OF EXHIBITS ....................................................................................vii

INTRODUCTION ............................................................................................. 1

STANDARD OF DECISION ............................................................................. 3

LAW AND ARGUMENT .................................................................................. 5

    I.     THE COURT SHOULD DISMISS THE "OFFICIAL CAPACITY" CLAIM AS REDUNDANT ...................................................................... 5

    II.    THIS COURT MUST ABSTAIN UNDER THE *YOUNGER* ABSTENTION DOCTRINE .............................................................. 6

        A. The *Younger* Abstention Requirements Are Met ............................... 8

        B. No *Younger* Exception Applies ......................................................... 10

    III.   MR. DECASTRO FAILED TO PROPERLY SERVE SERGEANT SMITH ....................................................................................... 14

    IV.   MR. DECASTRO FAILS TO STATE ANY 42 U.S.C. § 1983 CLAIM AGAINST SERGEANT SMITH IN HER INDIVIDUAL CAPACITY ................................................................................ 16

        A. Mr. DeCastro Cannot Hold Sergeant Smith Liable for Actions in Which She Did Not Personally Participate ................................... 16

        B. Mr. DeCastro Fails to Allege any First Amendment Violation ....... 17

        C. Mr. DeCastro Fails to Allege any Fourt Amendment Violation ..... 19

        D. Sergeant Smith is Entitled to Qualified Immunity ........................... 21

CONCLUSION ............................................................................................. 23

CERTIFICATE OF SERVICE ...................................................................... 25

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Anspach v. Phila. Dep't of Pub. Health,*
   503 F.3d 256 (3d Cir. 2007) ...................................................................................3, 4

*Ashcroft v. Iqbal,*
   556 U.S 662 (2009). ............................................................................................... 16

*Aurelio v. Mullin,*
   No. 24-1120, 2024 WL 4404239 (10th Cir. Oct. 4, 2024) ........................................... 10

*Barney v. Pulsipher,*
   143 F.3d 1299 (10th Cir. 1998) ....................................................................................5

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ..................................................................................................3, 4

*Burnham v. Humphrey Hosp. Reit Tr., Inc.,*
   403 F.3d 709 (10th Cir. 2005) ..................................................................................... 15

*Calvert v. Ediger,*
   415 F. App'x. 80 (10th Cir. 2011) ............................................................................... 20

*Canatella v. California,*
   404 F.3d 1106 (9th Cir. 2005) .......................................................................................7

*Chapman v. Barcus,*
   372 F. App'x 899 (10th Cir. 2010) ................................................................................7

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,*
   319 F.3d 1211 (10th Cir. 2003) .....................................................................................9

*D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.,*
   705 F.3d 1223 (10th Cir. 2013) .....................................................................................7

*Davis v. Clifford,*
   No. 13-cv-1642-WJM-KLM, 2014 WL 901608 (D. Colo. Mar. 7, 2014) ..................... 6

*Doran v. Salem Inn, Inc.,*
   422 U.S. 922 (1975) ......................................................................................................8

*Franks v. Delaware,*
   438 U.S. 154 (1978) ...............................................................................................20, 23

*Garrett v. Selby Connor Maddux & Janer,*
  425 F.3d 836 (10th Cir. 2005) ...................................................................................4

*Gerstein v. Pugh,*
  420 U.S. 103 (1975) ................................................................................................23

*Goings v. Sumner Cnty. Dist. Att'ys Office,*
  571 F. App'x 634 (10th Cir. 2014) ........................................................................7, 10

*Graff v. Aberdeen Enterprizes, II, Inc.,*
  65 F.4th 500 (10th Cir. 2023) ................................................................................14

*Green v. Dorrell,*
  969 F.2d 915 (10th Cir. 1992) ..................................................................................4

*Green v. Whetsel,*
  166 F. App'x. 375 (10th Cir. 2006) ...........................................................................8

*Gross v. Pirtle,*
  245 F.3d 1151 (10th Cir. 2001) ...............................................................................21

*Haines v. Kerner,*
  404 U.S. 519, (1972) ................................................................................................4

*Hall v. Bellmon,*
  935 F.2d 1106 (10th Cir. 1991) .................................................................................4

*Hartman v. Moore,*
  547 U.S. 250 (2006) ................................................................................................23

*Henderson v. Glanz,*
  813 F.3d 938 (10th Cir. 2015) .................................................................................22

*Hinkle v. Beckham Cnty. Bd. of Cnty. Commissioners,*
  962 F.3d 1204 (10th Cir. 2020) ...............................................................................17

*Holt v. U.S.,*
  46 F.3d 1000 (10th Cir. 1995) ..............................................................................4, 5

*Irizarry v. Yehia,*
  38 F.4th 1282 (10th Cir. 2022) ...........................................................................18, 22

*Jenkins v. Wood,*
  81 F.3d 988 (10th Cir. 1996) ..............................................................................16, 17

*League of United Latin American Citizens v. Bredesen,*
    500 F.3d 523 (6th Cir. 2007) ........................................................................................ 4

*Malley v. Briggs,*
    475 U.S. 335 (1986) .....................................................................................................21

*McDonald v. Wise,*
    769 F.3d 1202 (10th Cir. 2014) ..................................................................................... 3

*Mighty Siren, LLC v. Bates,*
    2021 WL 5040305 (W.D. Okla. 2021) .......................................................................... 15

*Mitchell v. Forsyth,*
    472 U.S. 511 (1985) .....................................................................................................21

*Mitchell v. Maynard,*
    80 F.3d 1433 (10th Cir. 1996) ...................................................................................... 16

*Moore v. Sims,*
    442 U.S. 415 (1979) ....................................................................................................... 9

*Moya v. Garcia,*
    895 F.3d 1229 (10th Cir. 2018) ..................................................................................... 3

*Mullenix v. Luna,*
    577 U.S. 7 (2015) .........................................................................................................22

*Myers v. Koopman,*
    738 F.3d 1190 (10th Cir. 2013) ............................................................................... 19, 20

*Nieves v. Bartlett,*
    587 U.S. 391 (2019) ............................................................................................... 19, 23

*Novitsky v. City of Aurora,*
    491 F.3d 1244 (10th Cir. 2007) .................................................................................... 16

*Ohio Nat'l Life Ins. Co. v. U.S.,*
    922 F.2d 320 (6th Cir. 1990) ......................................................................................... 4

*Pennzoil Co. v. Texaco, Inc.,*
    481 U.S. 1 (1987) ........................................................................................................... 9

*Phelps v. Hamilton ("Phelps I"),*
    59 F.3d 1058 (10th Cir. 1995) ...........................................................................7, 11, 12, 13

*Phelps v. Hamilton ("Phelps II")*
  122 F.3d 885 (10th Cir. 1997) ................................................................ 6, 12

*Plumhoff v. Rickard,*
  134 S. Ct. 2012 (2014) ............................................................................ 22

*Saucier v. Katz,*
  533 U.S. 194 (2001) ................................................................................ 21

*Schwartz v. Booker,*
  702 F.3d 573 (10th Cir. 2012) ........................................................... 21, 22

*Seneca–Cayuga Tribe v. State of Oklahoma,*
  874 F.2d 709 (10th Cir. 1989) ................................................................. 7

*Shrum v. Cooke,*
  60 F.4th 1304 (10th Cir. 2023) .............................................................. 20

*Sims v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.,*
  120 F. Supp. 2d 938 (D. Kan. 2000) ....................................................... 6

*Taylor v. Meacham,*
  82 F.3d 1556 (10th Cir. 1996) ............................................................... 20

*Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce of Utah,*
  240 F.3d 871 (10th Cir.2001) ........................................................... 11, 12

*Wilson v. Morrissey,*
  527 F. App'x 742 (10th Cir. 224) ............................................................ 10

*Winn v. Cook,*
  945 F.3d 1253 (10th Cir. 2019) ............................................................ 8, 9

*Worrell v. Henry,*
  219 F.3d 1197 (10th Cir. 2000) ............................................................. 17

*Yang v. Archuleta,*
  525 F.3d 925 (10th Cir. 2008) ................................................................. 4

*Yelp Inc. v. Paxton,*
  137 F.4th 944 (9th Cir. 2025) ................................................................ 11

*Younger v. Harris,*
  401 U.S. 37 (1971) ........................................................................... 6, 7, 8

**Statutes**

Okla. Stat. tit. 21, § 1787 ...................................................................................... 21, 23

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 1, 4
Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1, 16
Fed. R. Civ. P. 4(b) .................................................................................................... 14
Fed. R. Civ. P. 4(c)(1) ............................................................................................... 15
Fed. R. Civ. P. 4(m) .................................................................................................. 15

# INDEX OF EXHIBITS

Ex. 1 – CM-2025-00530 Docket Sheet

Ex. 2 – CM-2025-00530 Probable Cause Affidavit

Ex. 3 – Warrant for Arrest

Ex. 4 – Certified Mail to Sergeant Smith

**DEFENDANT SUZANNAHE SMITH'S MOTION TO DISMISS
AND BRIEF IN SUPPORT**

Defendant, Suzannahe Smith ("Sergeant Smith"), respectfully submits this Motion

to Dismiss 'Plaintiff Jose DeCastro's Amended Complaint under Fed. R. Civ. P. 12(b)(1)

for lack of jurisdiction and Fed. R. Civ P. 12(b)(6) for failure to state a claim upon which

relief can be granted. Sergeant Smith offers the following brief in support.

**INTRODUCTION**

Plaintiff Jose DeCastro originally filed this suit on December 18, 2025, in the United

States District Court for the Central District of California, in which he claimed that an

arrest warrant had been wrongfully issued in Stephens County, Oklahoma and his First and

Fourth Amendment rights had be violated.  That same day, he filed an Emergency Motion

for Temporary Restraining Order and Preliminary Injunction seeking to (1) stay and enjoin

enforcement of the subject arrest warrant, (2) enjoin Defendants from arresting or detaining

him, and (3) stay his Oklahoma criminal prosecution pending resolution of his alleged

constitutional claims. (Doc. 2). The Central District of California denied Mr. DeCastro's

Motion as procedurally and substantively deficient. (Doc. 8). Procedurally, the court found

that Mr. DeCastro failed to establish personal jurisdiction over the Defendants or proper

venue in California. (Doc. 8). Substantively, the court noted that Mr. DeCastro expressly

acknowledged his claims satisfy the *Younger* abstention requirements, yet argued the bad

faith prosecution exception applied. (Doc. 8). The court rejected that argument, finding that

Mr. DeCastro offered nothing beyond conclusory statements and failed to establish that the

1

prosecution was brought without a reasonable expectation of obtaining a valid conviction. (Doc. 8).

After the Central District of California denied his motion, Mr. DeCastro requested a transfer to the Western District of Oklahoma. (Doc. 9). The court granted the motion and transferred the action on January 8, 2026. (Docs. 10, 11). Mr. DeCastro then took no action for approximately two months. Then, on March 16, 2026 — two days before his deadline to effectuate service — Mr. DeCastro filed a motion for extension of time to effectuate service. On March 18, he requested issuance of summons for the Defendants. (Docs. 12-15). Then, he filed an Amended Complaint on March 30, 2026. (Doc. 16). Rather than requesting new summons for each Defendant, Mr. DeCastro requested only one new summons, directed solely to Defendant Dan Jacobsma. (Doc. 18). The Court granted Mr. DeCastro's motion for extension of time on April 15, 2026, giving him until June 15, 2026, to effectuate service. (Doc. 19). On March 30, 2026, the same day the Amended Complaint was filed, Sergeant Smith received a non-file-stamped copy of the First Amended Complaint via certified mail, unaccompanied by any summons. Despite the Court's extension, Mr. DeCastro has neither obtained a new summons for Sergeant Smith nor effected valid service.

Turning to the actual substance of the Amended Complaint, the only factual allegation Mr. DeCastro asserts against Sergeant Smith is that she signed the probable cause affidavit that served as the basis for the issuance of his arrest warrant. (Doc. 16, ¶¶ 11, 29, 62). This single factual allegation is fatal to each of Mr. DeCastro's claims, as it alone fails to provide any factual support for his conclusion that Sergeant Smith violated

- 2 -

his constitutional rights. At the threshold, this Court must abstain under the *Younger* abstention doctrine, and Mr. DeCastro has failed to effect proper service of process. Even if the Court were to reach the merits, Mr. DeCastro's claims fail as a matter of law. Sergeant Smith's signing a probable cause affidavit does not constitute the personal participation required to establish individual liability under 42 U.S.C. § 1983. Nor does it give rise to a cognizable First or Fourth Amendment claim. For each of these independent reasons, the claims in Mr. DeCastro's First Amended Complaint against Sergeant Smith should be dismissed in their entirety.

## <u>STANDARD OF DECISION</u>

When considering a motion to dismiss, the Court must accept as true all well pled allegations in the plaintiff's Complaint and construe them in a light most favorable to the plaintiff. However, "[t]o withstand dismissal, the plaintiffs' allegations must 'state a claim to relief that is plausible on its face.'" *Moya v. Garcia*, 895 F.3d 1229, 1232 (10th Cir. 2018) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, a plaintiff's factual allegations "must 'raise a right to relief above the speculative level.'" *McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In other words, the complaint must possess enough heft to "show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557. It is the plaintiff's duty to furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.*

Notably, the Court need not credit bald assertions or legal conclusions. *Anspach v. Phila. Dep't of Pub. Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to

dismiss." *Id*. (citations omitted). A "[p]laintiff's obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly,* 550 U.S. at 555-6).

Of course, Mr. DeCastro is pro se and the Court should broadly construe his allegations when applying the aforementioned standards. *Haines v. Kerner*, 404 U.S. 519, 520, (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se plaintiffs must, likewise, "follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court cannot serve as a pro se plaintiff's advocate, creating arguments on his behalf. See *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Lastly, regarding jurisdictional motions-to-dismiss; a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may take the form a facial or factual challenge. *Holt v. U.S.,* 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Id.* (*citing Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990)). "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. "A court has

- 4 -

wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under *Id.*

**LAW AND ARGUMENT**

Mr. DeCastro asks this Court to impose liability on an individual, Sergeant Smith, who did one thing: sign a probable cause affidavit. That affidavit documented conduct she personally observed, was reviewed and approved by a judge, and ultimately provided an objectively reasonable basis for the charges under Oklahoma law. This is not enough to hold Sergeant Smith liable for any constitutional violation, and her claims fail on the merits for that reason alone. Before this Court can even reach the merits, however, it must confront two threshold defects that independently require dismissal. *Younger* abstention bars federal interference with an ongoing state prosecution in which Mr. DeCastro has every opportunity to raise his constitutional arguments, and Mr. DeCastro has failed to serve Sergeant Smith with a valid summons. Any one of these grounds is sufficient to dispose of this case. Together, they are insurmountable.

## I. THE COURT SHOULD DISMISS THE "OFFICIAL CAPACITY" CLAIM AS REDUNDANT.

To start, the Court should dismiss Mr. DeCastro's claims against Sergeant Smith in her official capacity as redundantly pled. "Official capacity" claims, or liability claims against an individual's municipal office, are redundant when the municipality itself is a defendant. To wit, "[a] suit [brought under § 1983] against individual defendants in their official capacities is essentially the same as a suit against the [municipality]." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 n. 4 (10th Cir. 1998) (citations omitted). "When a plaintiff

- 5 -

names both a municipality and a municipal officer in his official capacity as defendants in an action, the suit against the officer is redundant, confusing, unnecessary, and should be dismissed." *Sims v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.*, 120 F. Supp. 2d 938, 945 (D. Kan. 2000) (citations omitted). "A claim asserted under § 1983 is properly pled against a municipality either by naming the municipality … or a municipal official in his official capacity." *Davis v. Clifford*, No. 13-cv-1642-WJM-KLM, 2014 WL 901608, at *3 (D. Colo. Mar. 7, 2014). As *Davis* explained, "[n]aming either is sufficient," but "[n]aming both is redundant." *Id.* In sum, by suing Sergeant Smith in her official capacity, Mr. DeCastro is trying to impose liability on her employer, the City of Duncan. Because Mr. DeCastro already named the City, suing Sergeant Smith in her official capacity is duplicative, unnecessary, and redundant. Such a claim should be dismissed.

## II.   THIS COURT MUST ABSTAIN UNDER THE *YOUNGER* ABSTENTION DOCTRINE.

Turning to the claims against Sergeant Smith in her individual capacity; because of the *Younger* abstention doctrine, at this point, the Court need not, and cannot, decide the merits of these claims. Under the *Younger*, federal courts are not permitted to intervene in ongoing state criminal proceedings save for the most exceptional circumstances. *Younger v. Harris*, 401 U.S. 37, 43, 53-54 (1971). *Younger* abstention is required when three conditions are met. First, there must be a relevant, ongoing state court proceeding. *Phelps v. Hamilton ("Phelps II"),* 122 F.3d 885, 889 (10th Cir. 1997). Second, the proceeding must implicate important state interests. *Id*. Third, there must be an adequate opportunity to raise the federal claims in the state forum. *Id*. When these elements are satisfied,

abstention is mandatory, absent extraordinary circumstances. *See Seneca–Cayuga Tribe v. State of Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989). The extraordinary circumstances that allow for a federal court to intervene regardless of an ongoing prosecution include if the prosecution "was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Phelps v. Hamilton* ("*Phelps I*"), 59 F.3d 1058, 1064 (10th Cir. 1995) (quoting *Younger*, 401 U.S. at 53-54). [T]he[se] exceptions to *Younger* only provide for a very narrow gate for federal intervention" because of "respect[ ] [for] prosecutorial discretion and federalism." *Id.*

While *Younger* is often referred to as a jurisdictional issue, it is technically a doctrine of abstention. *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013) ("[T]he federal district court suggested that the *Younger* doctrine is jurisdictional. This is not precisely correct.") (internal citation omitted). As the Tenth Circuit has explained, *Younger* "neither provides a basis for nor destroys federal jurisdiction, [but] it does determine when the federal courts must refrain from exercising jurisdiction." *Chapman v. Barcus*, 372 F. App'x 899, 901 n.1 (10th Cir. 2010) (quoting *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005)). Nevertheless, courts frequently treat *Younger* as jurisdictional because, like other jurisdictional doctrines, it requires a court to determine whether abstention applies before reaching the merits of the case. *Goings v. Sumner Cnty. Dist. Att'ys Office*, 571 F. App'x 634, 639 n.4 (10th Cir. 2014). Accordingly, when *Younger* applies—as it does here—the Court must refrain from addressing the merits of the Complaint. *Id.*

- 7 -

### A.    The *Younger* Abstention Requirements Are Met.

In this case, there is no doubt that all three elements of the *Younger* abstention doctrine have been met. First, Mr. DeCastro admits that he has been charged in Stephens County District Court with three counts of Molesting an Automobile or Motor Vehicle in 21 O.S. § 1787. (See Ex. 1, CM-2025-00530 Docket Sheet, Ex. 2, CM-2025-00530 Probable Cause Affidavit, Ex. 3, Warrant for Arrest). Second, there is also no question that state criminal proceedings implicate state interests. States and their political subdivisions possess a substantial interest in enforcing their criminal laws without federal interference. *Younger*, 401 U.S. at 44–45. State criminal proceedings are also viewed as a "traditional area of state concern." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019); *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) (injunction against state criminal-enforcement activities "seriously impairs the State's interest in enforcing its criminal laws, and implicates the concerns for federalism which lie at the heart of *Younger*"); *Green v. Whetsel*, 166 F. App'x. 375, 376 (10th Cir. 2006) ("Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.") (quotation marks omitted).

Third, and finally, Mr. DeCastro has an adequate opportunity to raise his claims in state court. Now, Mr. DeCastro argues that the third element of *Younger* is not satisfied because the state court has "failed" to act on the pending motions he has filed in state court regarding his criminal prosecution and, as such, "has not **yet** provided a meaningful opportunity to raise these federal constitutional claims." (Doc. 16, ¶ 42) (emphasis added).  This assertion amounts to an accusation that, because the state court has not acted

at the speed Mr. DeCastro prefers, there is no adequate state forum. This is untrue. The Tenth Circuit has explained that "unless state law bars the interposition of the federal statutory and constitutional claims," a plaintiff has "an adequate opportunity to raise federal claims in state court." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1216 (10th Cir. 2003). To put it another way, "*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). The burden rests with the plaintiff to demonstrate that state procedures foreclose his constitutional claims. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).

Mr. DeCastro has made no such showing in this case. In fact, Mr. DeCastro's own allegations defeat his argument. By his own admission, he has actively filed motions in the state criminal proceeding. (Doc. 16, ¶ 42). The fact that those motions remain pending is not evidence that the state forum is inadequate. *Younger* abstention exists to allow state proceedings to proceed without federal interference. Mr. DeCastro is not foreclosed from raising his constitutional claims in state court; he has already done so. Just because the state court has not yet ruled in his favor — or ruled at all — does not mean that his available forum is inadequate. *See e.g. Moore v. Sims*, 442 U.S. 415, 432 (1979) (noting that arguments regarding delays and timeliness do not speak to the adequacy of the state forum, but instead are considered in the context of bad faith)[1].

---

[1] Although state court delays are a consideration in the bad faith analysis, such delays must be *extraordinary* and a plaintiff still must show that the delay was done in bad faith. *Moore*, 442 U.S. at 432. Mr. DeCastro has done neither. Mr. DeCastro filed his motion for a *Franks* hearing on January 9, 2026, and filed his most recent motion on February 13, 2026.  A

Additionally, the Tenth Circuit has routinely held that the types of challenges Mr. DeCastro brings in his state court case to prosecutorial decisions and procedures in his ongoing criminal case are precisely the types of claims that state courts provide an adequate forum. *Goings v. Sumner Cnty. Dist. Attorney's Off.,* 571 F. App'x 634, 638 (10th Cir. 2014) (finding *Younger* abstention appropriate where plaintiff sought to challenge prosecutorial procedures used during his ongoing criminal proceeding); *Wilson v. Morrissey*, 527 F. App'x 742, 744 (10th Cir. 224) (finding *Younger* abstention appropriate where plaintiff sought to challenge the constitutionality of his ongoing criminal prosecution). Mr. DeCastro has not shown that Oklahoma procedures prevent him from raising his constitutional claims. His own conduct confirms that he can raise such claims. The third *Younger* element is likewise satisfied.

### B.    No *Younger* Exception Applies.

Mr. DeCastro has previously argued that despite the fact that the three elements the *Younger* elements are established, the bad faith exception applies, and federal intervention is nonetheless warranted. (Doc. 2, pp. 3-4). To the extent Mr. DeCastro continues to rely on this argument, it fails as he provides nothing more than conclusory allegations to support such an argument.

---

"delay" of less than six months is hardly extraordinary. In fact, the Tenth Circuit has held that taking five years to rule on a post-conviction motion for an individual who was in custody does not evidence the extraordinary circumstances required for a federal court to intervene. *Aurelio v. Mullin*, No. 24-1120, 2024 WL 4404239, at *4 (10th Cir. Oct. 4, 2024). It makes little sense how a brief delay, during which Mr. DeCastro is not in custody, could then meet the high bar of extraordinary circumstances. Even ignoring that fatal flaw, Mr. DeCastro makes no factual allegations as to how these "delays" have been due to bad faith.

It is important to note that this argument was already considered and rejected by the Central District of California, where Mr. DeCastro first raised this bad faith argument. (Doc. 8). That court emphasized that it must remember that constitutional defenses that relate to the state court action may be raised in state court. (Doc. 8) The court then noted that the bad faith exception is narrow and does not apply merely because a Mr. DeCastro characterizes a state enforcement action as weak, meritless, or unconstitutional. (Doc. 8) (*citing Yelp Inc. v. Paxton*, 137 F.4th 944, 952 (9th Cir. 2025)). Ultimately, it found Mr. DeCastro's showing to be largely conclusory and insufficient to establish that the bad faith exception applied. (Doc. 8). Nothing in the Amended Complaint cures that deficiency. Mr. DeCastro advances the same allegations and uses the same conclusory language now but still asks this Court to reach a different result and find the bad faith exemption applies.

The exceptions to *Younger* abstention provide only a "very narrow gate for federal intervention." *Phelps I*, 59 F.3d at 1064. (citation omitted). The Tenth Circuit considers three factors when determining if the bad faith exception applies:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce of Utah*, 240 F.3d 871, 876 (10th Cir.2001) (quotation omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad

faith or harassment." *Id.* (*quoting Phelps*, 122 F.3d at 889). In this case, Mr. DeCastro focuses only on the first two factors but alleges no facts to support either factor.

As to the first, Mr. DeCastro cannot demonstrate that this prosecution was frivolous or undertaken without a reasonably objective hope of success. The probable cause affidavit supporting the arrest warrant states that Mr. DeCastro was observed placing devices on the windows of multiple vehicles to capture their interiors, photographing and recording the interiors of multiple vehicles, and pulling on the driver's side door handles of multiple vehicles without gaining entry. (Ex. 2, Probable Cause Affidavit). These facts, taken together, provide an objectively reasonable basis to believe Mr. DeCastro violated 21 O.S. § 1787, which states:

> . . . it shall be unlawful for any person to loiter in or upon any automobile or motor vehicle, or to deface or injure such automobile or motor vehicle, or to "molest, drive, or attempt to drive any automobile, for joyriding or any other purpose, or" to manipulate or meddle with any machinery or appliances thereof without the consent of the owner of such automobile or motor vehicle.

Lurking around vehicles in a parking lot, pulling on door handles, and placing devices on vehicle windows to capture interiors falls within the conduct prohibited by this statute. Such behavior could be seen as loitering or molesting within the meaning of the statute.

Special Judge Carrie Hixon in the District Court for Stephens County, Oklahoma, agreed that such behavior could fall within the conduct prohibited by this statute and found there was probable cause to arrest. (See Ex. 2, Probable Cause Affidavit). This weighs heavily against any finding of bad faith and places the burden on Mr. DeCastro to offer concrete impeachment of the judge's authorization of the arrest. *Phelps,* 59 F.3d at 1065-

- 12 -

66. Mr. DeCastro offers none. His arguments are nothing more than conclusions that his behavior did not fall within the bounds of this statute and that there was no intent to commit a crime, which are the exact types of conclusory allegations that cannot serve as the basis for a finding that the bad-faith exemption applies.

As for the second factor, Mr. DeCastro cannot demonstrate that Sergeant Smith's probable cause affidavit was motivated by retaliatory animus toward his exercise of First Amendment rights. To do so, Mr. DeCastro must show that retaliation was a major motivating factor and played a dominant role in the relevant decision. *Phelps*, 59 F.3d at 1066. Mr. DeCastro's allegations regarding this claim are also nothing more than conclusory statements with little factual support. He claims that this prosecution constitutes a "calculated use of the criminal process to deter protected speech and suppress investigation of corruption." (Doc. 2, pp. 3-4). Yet, Mr. DeCastro identifies no specific, concrete facts demonstrating that retaliatory animus drove Sergeant Smith's decision to sign the probable cause affidavit. He does not allege that Sergeant Smith knew of any prior protected activity he had engaged in or that she had any reason to retaliate against him. Sergeant Smith documented specific, observable conduct and presented it to a judge who found probable cause. (See Ex. 2, Probable Cause Affidavit). An officer who does exactly that cannot be said to have acted in a retaliatory way simply because the subject of the affidavit later characterizes his conduct as expressive. There is no further indication in the record that Mr. DeCastro ever identified himself as press or announced he was engaged in protected activity before Sergeant Smith filled out the probable cause affidavit. Without

- 13 -

that showing, there is no basis to conclude Sergeant Smith had any reason to know she was responding to anything other than conduct that facially violated Oklahoma law.

In sum, all the *Younger* elements are satisfied in this case and Mr. DeCastro cannot establish that this prosecution was commenced in bad faith or to harass him. To the extent that Mr. DeCastro seeks injunctive or declaratory relief that would undermine the prosecutions, such as his request that this Court stay his arrent warrant and criminal prosecution, those claims should be dismissed. *Graff v. Aberdeen Enterprizes, II, Inc.,* 65 F.4th 500, 523 (10th Cir. 2023) (holding that under *Younger* "claims for declaratory relief and injunctive relief are subject to outright dismissal"). The *Younger* doctrine also extends to Mr. DeCastro's claims for monetary damages, as a judgment on such an issue would have a preclusive effect on the pending state-court proceedings. *Id.* But, unlike injunctive relief, the proper course of action for the damages claim is typically to stay proceedings until the state proceedings are final. *Id.* However, as discussed further below, Mr. DeCastro fails to state a claim for damages; accordingly, his case should be dismissed outright.

## III.   MR. DECASTRO FAILED TO PROPERLY SERVE SERGEANT SMITH.

Mr. DeCastro's Amended Complaint should also be dismissed because Mr. DeCastro failed to properly serve Sergeant Smith and thus, this Court lacks personal jurisdiction.  Rule 4(b) of the Federal Rules of Civil Procedure states:

> On or after filing the complaint, the Mr. DeCastro may present a summons to the court for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the Mr. DeCastro for service on the defendant. A summons—or copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

Rule 4(c)(1) of the Federal Rules of Procedure then states, "[a] summons must be served with a copy of the complaint. The Mr. DeCastro is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Failure to include a summons with a copy of the complaint is "not merely irregular or defective, but [is] a nullity." *Burnham v. Humphrey Hosp. Reit Tr., Inc.,* 403 F.3d 709, 716 (10th Cir. 2005). Without proper service of process, the Court lacks personal jurisdiction over the Defendants. *Mighty Siren, LLC v. Bates*, 2021 WL 5040305 at * 1 (W.D. Okla. 2021) (collecting cases).

On March 30, 2026, Sergeant Smith received a copy of the First Amended Complaint via certified mail. (See Ex. 4, Certified Mail to Sergeant Smith). However, no summons accompanied that mailing. Fed. R. Civ. P. 4(c)(1) is clear that a summons must be served with the complaint. The absence of any summons renders service defective. *Burnham,* 403 F.3d at 716. This defect cannot be attributed to oversight, as Mr. DeCastro sent the First Amended Complaint before he even filed it with the Court; both his mail to Sergeant Smith and his mail to the Court with the First Amended Complaint are dated March 27, 2026. (See Ex. 3, Doc. 16-4). Additionally, when Mr. DeCastro filed the First Amended Complaint, he expressly requested only one new summons, which was directed solely to Defendant Dan Jacobsma. (Doc. 16-3). Mr. DeCastro made no request for a summons against Sergeant Smith or any other Defendant. The only summons ever issued to Sergeant Smith predates the First Amended Complaint and does not correspond to the operative pleading. (Doc. 14). No valid summons existed to serve with the First Amended

Complaint, and none was served. As such, Mr. DeCastro failed to effectuate proper service, and this Court does not have personal jurisdiction over Sergeant Smith at this time.

## IV.    MR. DECASTRO FAILS TO STATE ANY 42 U.S.C. § 1983 CLAIM AGAINST SERGEANT SMITH IN HER INDIVIDUAL CAPACITY.

Rounding out the procedural missteps discussed above, Mr. DeCastro's claims against Sergeant Smith fail as a matter of law and should be dismissed under Fed. R. Civ. P. 12(b)(6) because Mr. DeCastro fails to state a plausible claim for relief against Sergeant Smith. Mr. DeCastro alleges two claims against Sergeant Smith. First, he alleges that Sergeant Smith, along with other named Defendants, subjected him to First Amendment retaliation. Second, he alleges that Sergeant Smith, again with other Defendants, has unlawfully seized him through legal process. However, Mr. DeCastro provides no factual support that shows personal participation on behalf of Sergeant Smith, nor does he allege any factual support for his claims. As such, the claims should be dismissed.

### A.    Mr. DeCastro Cannot Hold Sergeant Smith Liable for Actions in Which She Did Not Personally Participate.

Personal participation is an essential element of ***any*** 42 U.S.C. § 1983 claim. *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996) (emphasis added). For individual liability to arise under § 1983, a plaintiff must establish a defendant's direct personal responsibility for the claimed deprivation of a constitutional right. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007). Thus, the Mr. DeCastro "must plead that each . . . defendant, through the official's own actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Conclusory allegations of constitutional violations are not enough to establish personal participation. *Jenkins v. Wood*, 81 F.3d 988, 995 (10th

Cir. 1996). Mr. DeCastro must demonstrate "a deliberate, intentional act" by [these Defendants] to violate constitutional rights." *Jenkins*, 81 F.3d at 994-95.

The only factual allegations against Sergeant Smith are that she prepared and signed the probable cause affidavit. (Doc. 16, ¶¶ Mr. DeCastro does not allege that Sergeant Smith arrested him, detained him, participated in the decision to file charges against him three months after this incident, or took any other action beyond the affidavit. Sergeant Smith's singular act does not establish that she personally participated in every incident that Mr. DeCastro believes is a constitutional violation. As for the probable cause affidavit, as set forth below, the spare facts alleged against Sergeant Smith do not support any claims.

## B.     Mr. DeCastro Fails to Allege any First Amendment Violation.

Mr. DeCastro alleges that Sergeant Smith retaliated against him for engaging in constitutionally protected activity when she signed the probable cause affidavit. To establish a First Amendment retaliation claim, Mr. DeCastro must plead facts that show:

> (1) that [he] was engaged in constitutionally protected activity; (2) that the defendant[s'] actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant[s'] adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct.

*Hinkle v. Beckham Cnty. Bd. of Cnty. Commissioners,* 962 F.3d 1204, 1226 (10th Cir. 2020) *(quoting Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)).

Mr. DeCastro's claims fail at the first element because the activity he engaged in on September 8, 2025, was not clearly protected under the circumstances presented. Mr. DeCastro alleges that he engaged in multiple protected activities, such as investigating officer misconduct, photographing officer vehicles and unsecured firearms in a public lot,

- 17 -

testing security measures, reporting his findings to leadership, and submitting public records requests. (Doc. 16, ¶ 52). He claims that these activities are all protected under *Irizarry v. Yehia*, 38 F.4th 1282 (10th Cir. 2022). However, *Irizarry* held that individuals had a right to film police officers performing their duties in public. *Id.* at 1292. It did not hold that individuals had the right to go into a police parking lot, film and photograph unoccupied vehicles, and test the door handles of such vehicles. Mr. DeCastro points to no case law that shows this is a constitutionally protected activity.

Beyond that, Mr. DeCastro fails to plead any facts establishing that Sergeant Smith signing the affidavit was motivated by Mr. DeCastro's claimed constitutionally protected conduct. Mr. DeCastro claims that the signing of the affidavit was motivated by his "investigation" and report to Major Wood on September 8, 2025. (Doc. 16, ¶¶ 24-29; 54). However, Mr. DeCastro does not allege that Sergeant Smith knew that Mr. DeCastro claimed to be a journalist or that she knew he made a report to Major Woods at the time she prepared the affidavit. It makes little sense to say she was motivated by any constitutionally protected activity when there are no facts showing she was even aware of it. And to the extent that Mr. DeCastro claims that any actions were motivated by his filing a records request, he makes no allegations showing that Sergeant Smith took any action after he filed this request. Additionally, this occurred months after Sergeant Smith filled out the probable cause affidavit, which again, is the only thing Mr. DeCastro claims she did. As such, it cannot be said that her actions were motivated by the records request or that she was involved in any decisions that were potentially made based on the filing of the records request.

- 18 -

Additionally, when a First Amendment retaliation claim is based on prosecution and/or arrest, Mr. DeCastro must also plead facts that show there was no probable cause for the prosecution and/or arrest. *Nieves v. Bartlett*, 587 U.S. 391, 401 (2019). Whether or not probable cause exists is judged using an objective standard of reasonableness. *Id*. In this case, a judge issued the warrant after reviewing the probable cause affidavit, further supporting the fact that Sergeant Smith had probable cause.

**C.      Mr. DeCastro Fails to Allege any Fourth Amendment Violation.**

Mr. DeCastro also states no cognizable Fourth Amendment claim against Sergeant Smith. He asserts that Defendants have violated his Fourth Amendment rights by unlawfully seizing him through legal process. (Doc. 16, ¶¶ 59-66). Frankly, it is unclear exactly what kind of Fourth Amendment claim Mr. DeCastro intends to bring. However, due to the issuance of an arrest warrant, the most likely claim would be properly characterized as a malicious prosecution claim and thus Sergeant Smith will analyze it under that framework. *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) (Unreasonable seizures imposed *without* legal process precipitate Fourth Amendment false imprisonment claims. Unreasonable seizures imposed *with* legal process precipitate Fourth Amendment malicious-prosecution claims"). This claim fails for the same reason as her First Amendment claim, as Mr. DeCastro cannot establish a constitutional violation occurred, and even if he could, the right was not clearly established, and as such, Sergeant Smith is entitled to qualified immunity.

To establish a claim for malicious prosecution, Mr. DeCastro must establish: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original

action terminated in favor of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages." *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023). As a preliminary matter, any malicious prosecution claim Mr. DeCastro believes he may have is not yet cognizable, as his criminal case is ongoing and he cannot, at this point, establish the second element of a malicious prosecution claim. *Myers,* 738 F.3d at 1195 (holding that a malicious prosecution claim does not accrue until the proceedings are terminated because the claim is not cognizable until all the elements are satisfied, including the termination of the original action in favor of the plaintiff). As such, any malicious prosecution claim must be dismissed at this time.

On top of that, Mr. DeCastro cannot establish that Sergeant Smith caused his continued confinement or prosecution. Courts have confirmed that "an officer typically does not proximately cause a malicious prosecution because the independent decisions of the prosecutor in bringing the charge and the court in issuing an indictment or warrant constitute superseding causes that break the chain of causation." *Calvert v. Ediger*, 415 F. App'x. 80, 83 (10th Cir. 2011); *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996). The only time the chain of causation will not be broken is if an officer ***knowingly or recklessly*** misstates evidence to the prosecutor, makes a false statement in an affidavit supporting the arrest, or omits information from the affidavit that would have negated probable cause. *Taylor*, 82 F.3d at 1564; *see also Franks v. Delaware*, 438 U.S. 154, 155-156 (1978). Mr. DeCastro does not show that Sergeant Smith ever knowingly or recklessly misstated evidence in the probable cause affidavit. He only claims that Sergeant Smith

- 20 -

"omitted material evidence" and that the conduct described satisfies no element of the statute involved. (Doc. 16, ¶ 61). His argument that the conduct does not satisfy the elements of the statute has already been discussed. As for his claim regarding the material evidence, he does not allege any facts that show Sergeant Smith had any knowledge of the "facts" that he alleges would have negated probable cause, such as his identity as a journalist or his "stated" purpose in the lot. (Doc. 16, ¶ 46). He also does not allege any facts that show she knowingly or recklessly included false statements or omitted any information. Furthermore, as already discussed above, the conduct described in the affidavit provides a sufficient basis for probable cause under Okla. Stat. tit. 21, § 1787 regardless of Mr. DeCastro's subjective intent or journalistic purpose.

### D.    Sergeant Smith is Entitled to Qualified Immunity.

Lastly, Sergeant Smith is entitled to qualified immunity in this case. In civil rights actions seeking damages from governmental officials, "courts recognize the affirmative defense of qualified immunity, which protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). Qualified immunity protects public officials from individual liability in § 1983 claims and is "an entitlement to not stand trial or face the other burdens of litigation." *Saucier v. Katz,* 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity is more than a defense to liability; it is immunity from suit. *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).

When an official is sued under § 1983, they are entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was "clearly

established." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). Qualified immunity "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Henderson v. Glanz*, 813 F.3d 938, 951 (10th Cir. 2015) (ellipsis and internal quotation marks omitted). Therefore, "[t]o survive a motion to dismiss based on qualified immunity, the plaintiff must allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).

As already discussed, Mr. DeCastro cannot establish that Sergeant Smith violated his constitutional rights, much less that any alleged right was clearly established. The clearly established inquiry demands a high level of specificity. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). The dispositive question is "whether the violative nature of particular conduct is clearly established," and that inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id*. (internal citations and quotations omitted). While Mr. DeCastro cites various cases he contends establish the relevant rights (Doc. 16, ¶¶ 57, 66), those cases rest on propositions far too general to show that Sergeant Smith's specific conduct violated any clearly established right.

As to the First Amendment, Mr. DeCastro relies primarily on *Irizarry v. Yehia*, 38 F.4th 1282 (10th Cir. 2022), for the proposition that he had a clearly established right to investigate police conduct and record police activity. As already discussed, *Irizarry* established that individuals have a right to film police officers performing their duties in public. *Id*. at 1292. That is, again, not what occurred here. Mr. DeCastro was in a parking

- 22 -

lot, photographing and videoing unoccupied vehicles, placing recording devices on vehicle windows, and attempting to open the doors of officers' vehicles. This conduct does not compare to that of individuals recording a traffic stop, as *Irizarry* addressed. The remaining authority Mr. DeCastro invokes, including *Nieves v. Bartlett*, 587 U.S. 391 (2019), and *Hartman v. Moore*, 547 U.S. 250 (2006), stands for the general proposition that retaliatory prosecution is prohibited. That proposition is far too broad to put Sergeant Smith on notice that signing the probable cause affidavit under the specific circumstances presented here violated any clearly established right.

As to the Fourth Amendment, Mr. DeCastro again relies on general propositions, such as what probable cause requires, and that an affidavit cannot omit material facts (See Doc. 16, ¶ 64 (citing *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975), and *Franks v. Delaware*, 438 U.S. 154 (1978)). These broad statements of laws are insufficient. It was not clearly established that an officer would violate the Fourth Amendment by omitting from a probable cause affidavit facts she was unaware of, including a suspect's self-proclaimed journalist status. Mr. DeCastro pleads no facts showing that Sergeant Smith knew of his self-proclaimed journalist status or intentionally did not include information in the affidavit. A reasonable officer in her position could have concluded that the conduct she observed and documented provided a sufficient basis for probable cause Okla. Stat. tit. 21, § 1787.

## CONCLUSION

For the foregoing reasons, Defendant Sergeant Suzannahe Smith respectfully requests that the Court dismiss all claims against her.

- 23 -

Respectfully submitted,

*s/ Jessica James Curtis*

Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
Jessica James Curtis, OBA #35140
**PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2903
rlafferrandre@piercecouch.com
jhendrickson@piercecouch.com
jjamescurtis@piercecouch.com
*Attorneys for Defendant Suzannahe Smith*

- 24 -

## **CERTIFICATE OF SERVICE**

I certify that on the 22nd day of April, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

*s/ Jessica James Curtis*
Jessica James Curtis

I also hereby certified that on the 22nd day of April, 2026, I served a true and correct copy of the attached document on all parties that are not registered for service via the CM/ECF system for filing, including those specified below, via U.S. mail:

***Pro Se Mr. DeCastro:***
Jose Maria DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
chille@situationcreator.com

*s/ Jessica James Curtis*
Jessica James Curtis

- 25 -