IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED

JOSE MARIA DeCASTRO,

Plaintiff,

v.

CITY OF DUNCAN, OKLAHOMA, et al.,

Defendants.

JUN 0 2 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

)
)
)
)
)
)

)

)
)
)
)

**Case No. 5:26-cv-00027-G**

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

TO DEFENDANT SUZANNAHE SMITH'S REPLY IN SUPPORT

OF MOTION TO DISMISS

Plaintiff Jose Maria DeCastro, appearing pro se, respectfully moves this Court under Local Civil Rule 7.1(i) for leave to file the attached Sur-Reply to Defendant Suzannahe Smith's Reply in Support of Motion to Dismiss (Doc. 28), filed May 18, 2026. In support, Plaintiff states as follows.

I.  LEGAL STANDARD

Local Civil Rule 7.1(i) provides that supplemental briefs may be filed only upon motion and leave of court. The Tenth Circuit has long recognized that when a reply brief raises new arguments, new authority, or new evidence not contained in the opening brief, the non-movant should have a meaningful opportunity to respond. See Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1164-65 (10th Cir. 1998). Granting leave is particularly warranted where the new material is dispositive in character, because allowing the reply to stand unanswered would deprive the non-movant of any opportunity to address the actual grounds on which the motion is decided.

II.  THE REPLY INTRODUCES NEW DISPOSITIVE AUTHORITY AND ARGUMENT

Defendant Smith's Reply does not refine arguments already raised in her Motion to Dismiss (Doc. 24). It reconstructs the Fourth Amendment defense around authorities and theories that

appear nowhere in the opening brief. The Reply does not merely add citations; it substitutes a different constitutional framework for Count II. The following authorities and arguments appear for the first time in the Reply:

1. Becker v. Kroll, 494 F.3d 904 (10th Cir. 2007). The Reply makes Becker the centerpiece of a new Fourth Amendment theory, asserting that pre-arrest restrictions cannot constitute a seizure. (Doc. 28, pp. 5-6). Becker is not cited in the Motion to Dismiss.

2. Brower v. County of Inyo, 489 U.S. 593 (1989), and Terry v. Ohio, 392 U.S. 1 (1968). Both cases are introduced in the Reply to supply the governing definition of a Fourth Amendment seizure. (Doc. 28, p. 5). Neither case appears in the Motion to Dismiss.

3. Kapinski v. City of Albuquerque, 964 F.3d 900 (10th Cir. 2020). The Reply uses Kapinski to frame the materiality and recklessness requirements under Franks v. Delaware. (Doc. 28, p. 7). Kapinski is not cited in the Motion to Dismiss.

4. Distinguishing analysis of Manuel v. City of Joliet, 580 U.S. 357 (2017). The Reply devotes more than a full page to distinguishing Manuel. (Doc. 28, pp. 6-7). The Motion to Dismiss does not address Manuel at all. The opening brief instead characterized Count II as a malicious prosecution claim, applied the elements of malicious prosecution, and concluded the claim was not yet cognizable under Myers v. Koopman because the state proceeding has not terminated. (Doc. 24, pp. 19-20). The Reply abandons that framing in favor of a new seizure-based theory.

5. Underwood v. Board of County Commissioners of Jefferson, 611 F. Supp. 2d 1223 (W.D. Okla. 2009). The Reply introduces Underwood to support a new knowledge requirement on the First Amendment retaliation claim. (Doc. 28, p. 8). Underwood is not cited in the Motion to Dismiss.

## III.  PLAINTIFF HAS NOT HAD AN OPPORTUNITY TO ADDRESS THE NEW THEORY

Because the Motion to Dismiss treated Count II as a malicious prosecution claim, Plaintiff's Response addressed it under the framework Defendant herself invoked. Plaintiff also explained in his Response that Count II is more properly understood as a Fourth Amendment seizure claim under Manuel. The Reply now embraces the seizure framing but contests it with Becker, Brower, and Terry, none of which were available for Plaintiff to address in his Response. The same is true of Kapinski on the Franks issue and Underwood on the First Amendment knowledge element.

The new authorities are not minor supplementation. They form the analytical backbone of the Reply's argument that no Fourth Amendment seizure occurred and that the Franks framework cannot save Count II. Absent leave to respond, Defendant would effectively obtain dismissal based on authorities and theories Plaintiff had no prior opportunity to address. If the Court decides the motion on those grounds without permitting a sur-reply, Plaintiff will have had no opportunity to be heard on the precise basis for dismissal. A brief sur-reply will assist the Court in resolving the motion on the actual arguments now presented.

## IV. THE PROPOSED SUR-REPLY IS NARROW

The proposed Sur-Reply is limited to the new arguments and authorities identified above. It does not reargue points already covered in Plaintiff's Response. It addresses (a) the procedural objection to the Reply's new theory, (b) the distinction between Becker and Manuel, (c) the independent sufficiency of the Franks theory under Kapinski's own framework, and (d) the First Amendment knowledge issue introduced through Underwood. The proposed Sur-Reply is within the ten-page limit of LCvR7.1(d).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Sur-Reply and direct the Clerk to docket it as filed concurrently with this Motion.


Dated: May 19, 2026.


Respectfully submitted,

/s/ Jose M. DeCastro

Jose Maria DeCastro, Pro Se

5350 Wilshire Blvd., P.O. Box 36143

Los Angeles, CA 90036

chille@situationcreator.com

4

## CERTIFICATE OF SERVICE

I certify that on May 19, 2026, a true and correct copy of the foregoing Motion for Leave to File Sur-Reply, the proposed Sur-Reply, and the proposed Order were served on counsel of record via the Court's CM/ECF system, including:

Robert S. Lafferrandre (rlafferrandre@piercecouch.com)

Jeffrey C. Hendrickson (jhendrickson@piercecouch.com)

Jessica James Curtis (jjamescurtis@piercecouch.com)

Pierce Couch Hendrickson Baysinger & Green, L.L.P.

1109 North Francis Avenue

Oklahoma City, Oklahoma 73106

/s/ Jose M. DeCastro

Jose Maria DeCastro