1

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

JOSE MARIA DeCASTRO,                                       )
                                                          )
      Plaintiff,                                          )
                                                          )
v.                                                        )
                                                          )
                                                          )
CITY OF DUNCAN, OKLAHOMA, et al.,                         )
                                                          )
      Defendants.                                         )

**Case No. 5:26-cv-00027-G**

PLAINTIFF'S SUR-REPLY TO DEFENDANT SUZANNAHE SMITH'S
REPLY IN SUPPORT OF MOTION TO DISMISS

INTRODUCTION

Defendant Smith's Reply (Doc. 28) introduces a reconstructed Fourth Amendment defense built on authorities that do not appear in her Motion to Dismiss. Plaintiff submits this brief sur-reply to address the new arguments directly. The argument is straightforward. On the merits, Becker v. Kroll does not displace Manuel v. City of Joliet. The Franks theory provides an independent basis for Count II. The First Amendment claim turns on observed activity, not on Defendant's knowledge of Plaintiff's identity. And at the Rule 12 stage, Plaintiff is required to plead plausibility, not to prove his case.

I. NEW ARGUMENTS WERE IMPROPERLY RAISED IN REPLY

The Motion to Dismiss treated Count II as a malicious prosecution claim and analyzed it only under that framework. (Doc. 24, p. 19). The opening brief argued the claim was not yet cognizable because the state proceeding has not terminated in Plaintiff's favor under Myers v. Koopman. (Doc. 24, p. 20). It did not cite Manuel v. City of Joliet, 580 U.S. 357 (2017). It did not cite Becker v. Kroll, 494 F.3d 904 (10th Cir. 2007). It did not cite Brower v. County of Inyo, 489 U.S. 593 (1989), or Terry v. Ohio, 392 U.S. 1 (1968). It did not analyze whether a Fourth Amendment seizure had occurred.

1

The Reply abandons that framing. It now treats Count II as a seizure claim and rests on Becker, Brower, and Terry to argue that no seizure occurred. It cites Kapinski v. City of Albuquerque, 964 F.3d 900 (10th Cir. 2020), as the controlling framework for Franks materiality and recklessness. It cites Underwood v. Board of County Commissioners of Jefferson, 611 F. Supp. 2d 1223 (W.D. Okla. 2009), on First Amendment knowledge. None of these authorities appears in the Motion to Dismiss. The Tenth Circuit disfavors new arguments and authorities raised for the first time in reply. Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1164-65 (10th Cir. 1998). The Court should either disregard those new arguments or consider them only together with this response.

## II. BECKER DOES NOT DEFEAT THE MANUEL CLAIM

Manuel held that the Fourth Amendment governs unlawful pretrial restraint flowing from constitutionally defective legal process. 580 U.S. at 367-69. The Supreme Court rejected the argument that the start of legal process forecloses Fourth Amendment scrutiny. Id.

Becker is a pre-Manuel circuit case addressing a different factual posture. The plaintiff in Becker was investigated for Medicaid fraud but never arrested and never subject to an arrest warrant. 494 F.3d at 909-13. The Tenth Circuit held that the pre-charging investigative pressure she described did not amount to a Fourth Amendment seizure. Id. at 915-16. Becker does not address an outstanding arrest warrant. It does not address restraint flowing from allegedly defective legal process. And it predates Manuel by ten years. Manuel controls where Manuel's reasoning applies. Becker does not displace Supreme Court authority on the precise question presented.

## III. AN ACTIVE ARREST WARRANT IS A PLAUSIBLE ONGOING SEIZURE

The Reply's central proposition is that an unexecuted warrant does not seize anyone. (Doc. 28, p. 6). The Reply cites no post-Manuel authority establishing such a categorical rule in the context of an active arrest warrant allegedly procured through constitutionally defective legal process. That sentence is broader than Tenth Circuit law supports after Manuel. An active arrest warrant is not an investigative inquiry, an administrative pressure, or a voluntary inconvenience. It is a standing command from the state that authorizes Plaintiff's arrest upon contact with law enforcement. It exists because Defendant Smith's affidavit caused a judicial officer to issue it. The

travel restraint Plaintiff describes in the First Amended Complaint flows directly from that government act. (Doc. 16, paragraph 49). It is not self-imposed.

Whether the warrant ultimately satisfies the legal definition of a seizure is a question the Court need not resolve at this stage. At Rule 12, Plaintiff need only plead a plausible Fourth Amendment claim. Manuel and the active arrest warrant make that allegation plausible.

## IV. THE FRANKS CLAIM SURVIVES INDEPENDENTLY

Even if the Court adopts the Reply's seizure analysis, the Franks theory provides an independent basis for Count II. The Reply concedes that a Franks claim arises from knowing or reckless false statements or material omissions in a probable cause affidavit. (Doc. 28, p. 7) (citing Kapinski, 964 F.3d at 905). The First Amended Complaint plausibly alleges those elements.

The First Amended Complaint alleges that Defendant Smith was inside the Duncan Police Department on September 8, 2025, when Plaintiff entered the same building and reported to Deputy Chief Major Woods the unsecured-weapons hazard he had just documented. (Doc. 16, paragraphs 24-29). Defendant Smith prepared her probable cause affidavit the following day. (Doc. 16, paragraph 30). The Complaint alleges the affidavit omitted material context, including the documentary purpose of Plaintiff's presence in the lot, the contemporaneous report to command staff inside the same building, and the absence of conduct satisfying the elements of 21 O.S. section 1787. (Doc. 16, paragraphs 30-32, 60-64). Whether the omission was knowing, reckless, or innocent is a factual question, not a question for dismissal on the pleadings.

Defendant's original Motion to Dismiss argued that the prosecutor's and judge's independent decisions broke the causal chain. (Doc. 24, p. 20) (citing Calvert v. Ediger and Taylor v. Meacham). But the Tenth Circuit recognizes an exception where the affiant's falsehoods or material omissions caused the probable cause determination in the first place. Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996). That exception applies on the facts pled here. At minimum, the Complaint plausibly alleges that inclusion of the omitted context could have affected the probable cause determination supporting issuance of the warrant.

The Reply argues that Defendant Smith cannot be held liable because she did not personally participate in decisions made after she signed the affidavit. (Doc. 28, p. 10) (citing Mitchell v. Maynard). That argument misses the affidavit itself. The Franks theory is grounded in

4

Defendant Smith's direct act of preparing the probable cause affidavit. The Tenth Circuit has long recognized that when an officer's falsehoods or material omissions cause the probable cause determination, downstream decisions by the prosecutor or judge do not insulate the affiant from liability. Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996).

## V.  THE FIRST AMENDMENT CLAIM TURNS ON OBSERVED ACTIVITY

The Reply argues that Plaintiff cannot plead First Amendment retaliation because Defendant Smith did not know Plaintiff was a journalist or that he had reported to Major Woods. (Doc. 28, pp. 8-9). That argument conflates knowledge of identity with knowledge of activity. Under Irizarry v. Yehia, 38 F.4th 1282, 1292 (10th Cir. 2022), the act of recording police officers performing their duties in public is itself the protected First Amendment activity. The First Amendment protection recognized in Irizarry does not depend on press credentials or formal journalistic status.

Defendant Smith's own affidavit describes Plaintiff using a recording device on the end of a pole to film the interiors of marked municipal patrol units. (Doc. 24-2). Her affidavit is the document she herself prepared. It establishes that she observed the protected activity. Whether her decision to prepare a probable cause affidavit was substantially motivated by that protected activity is a question of motive that cannot be resolved on the pleadings. Hinkle v. Beckham County Board of County Commissioners, 962 F.3d 1204, 1226 (10th Cir. 2020).

## VI.  THE RULE 12 STANDARD REQUIRES PLAUSIBILITY, NOT PROOF

The Reply repeatedly demands evidentiary showings from Plaintiff. It argues that he must come forward with proof of bad faith, proof of retaliatory motive, proof of similarly situated comparators, and proof of Defendant Smith's actual knowledge. Those demands apply at summary judgment. They do not apply on a Rule 12 motion. The question now is whether the First Amended Complaint pleads facts that, taken as true and read in the light most favorable to Plaintiff, state plausible claims for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Read in that light, the First Amended Complaint pleads plausible claims under Manuel, under Franks, and under Irizarry. The Court need not resolve the ultimate merits to deny dismissal.

4

5

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Suzannahe Smith's Motion to Dismiss as to Counts I and II.

Dated: May 19, 2026.

Respectfully submitted,

/s/ Jose M. DeCastro

Jose Maria DeCastro, Pro Se

5350 Wilshire Blvd., P.O. Box 36143

Los Angeles, CA 90036

chille@situationcreator.com

## CERTIFICATE OF SERVICE

I certify that on May 19, 2026, a true and correct copy of the foregoing Sur-Reply was served on counsel of record via the Court's CM/ECF system, including:

Robert S. Lafferrandre (rlafferrandre@piercecouch.com)

Jeffrey C. Hendrickson (jhendrickson@piercecouch.com)

Jessica James Curtis (jjamescurtis@piercecouch.com)

Pierce Couch Hendrickson Baysinger & Green, L.L.P.

1109 North Francis Avenue

Oklahoma City, Oklahoma 73106

/s/ Jose M. DeCastro

Jose Maria DeCastro