IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

*JOSE MARIA DeCASTRO,*

Plaintiff,

v.

CITY OF DUNCAN, OKLAHOMA, et al.,

Defendants.

FILED

AUG 20 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Case No. 5:26-cv-00027-G

PLAINTIFF'S SUR-REPLY TO DEFENDANT SUZANNAHE SMITH'S
*REPLY IN SUPPORT OF MOTION TO DISMISS*

INTRODUCTION

Defendant Smith's Reply (Doc. 28) introduces a reconstructed Fourth Amendment defense built on authorities that do not appear in her Motion to Dismiss. Plaintiff submits this brief sur-reply to address the new arguments directly. The argument is straightforward. Becker v. Kroll does not establish that dismissal is required under Manuel v. City of Joliet. The Reply does not establish that Count II fails as a matter of law. The First Amended Complaint plausibly alleges that Defendant Smith procured the warrant through materially defective legal process. Defendant Smith's own affidavit establishes that she was aware of Plaintiff's recording activity. And at the Rule 12 stage, Plaintiff is required to plead plausibility, not to prove his case.

I. NEW ARGUMENTS WERE IMPROPERLY RAISED IN REPLY

The Motion to Dismiss treated Count II as a malicious prosecution claim and analyzed it only under that framework. (Doc. 24, p. 19). The opening brief argued the claim was not yet cognizable because the state proceeding has not terminated in Plaintiff's favor under Myers v. Koopman. (Doc. 24, p. 20). It did not cite Manuel v. City of Joliet, 580 U.S. 357 (2017). It did not cite Becker v. Kroll, 494 F.3d 904 (10th Cir. 2007). It did not cite Brower v. County of Inyo, 489

U.S. 593 (1989), or Terry v. Ohio, 392 U.S. 1 (1968). It did not analyze whether a Fourth Amendment seizure had occurred.

The Reply abandons that framing. It now treats Count II as a seizure claim and rests on Becker, Brower, and Terry to argue that no seizure occurred. It cites Kapinski v. City of Albuquerque, 964 F.3d 900 (10th Cir. 2020), as the controlling framework for Franks materiality and recklessness. It cites Underwood v. Board of County Commissioners of Jefferson, 611 F. Supp. 2d 1223 (W.D. Okla. 2009), on First Amendment knowledge. None of these authorities appears in the Motion to Dismiss. The Tenth Circuit disfavors new arguments and authorities raised for the first time in reply. Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1164-65 (10th Cir. 1998). The Court should either disregard those new arguments or consider them only together with this response.

## II. BECKER DOES NOT ESTABLISH DISMISSAL UNDER MANUEL

Manuel held that the Fourth Amendment governs unlawful pretrial restraint flowing from constitutionally defective legal process. 580 U.S. at 367-69. The Supreme Court rejected the argument that the start of legal process forecloses Fourth Amendment scrutiny. Id.

Becker is a pre-Manuel circuit case addressing a different factual posture. The plaintiff in Becker was investigated for Medicaid fraud but never arrested and never subject to an arrest warrant. 494 F.3d at 909-13. The Tenth Circuit held that the pre-charging investigative pressure she described did not amount to a Fourth Amendment seizure. Id. at 915-16. Becker does not address an outstanding arrest warrant. It does not address restraint flowing from allegedly defective legal process. And it predates Manuel by ten years. Manuel controls where Manuel's reasoning applies. Becker does not displace Supreme Court authority on the precise question presented.

## III. THE REPLY DOES NOT ESTABLISH THAT COUNT II FAILS AS A MATTER OF LAW

The Reply's central proposition is that an unexecuted warrant does not seize anyone. (Doc. 28, p. 6). Defendant seeks dismissal on the premise that an outstanding arrest warrant allegedly procured through constitutionally defective legal process does not constitute a seizure sufficient to support the Fourth Amendment claim pleaded here. The authorities she cites do not establish that proposition under the circumstances alleged. Becker involved no arrest warrant at all. Brower and Terry address the mechanics of a completed physical seizure, not restraint flowing from defective legal process. None of the three addresses the circumstances alleged in the First Amended Complaint.

The warrant alleged here is not an investigative inquiry, an administrative pressure, or a voluntary inconvenience. It is a standing command from the state that authorizes Plaintiff's arrest upon contact with law enforcement. It exists because Defendant Smith's affidavit caused a judicial officer to issue it. The travel restraint Plaintiff describes in the First Amended Complaint flows directly from that government act. (Doc. 16, paragraph 49). It is not self-imposed.

The Court need not decide at this stage whether the warrant satisfies the legal definition of a seizure. The question on a Rule 12 motion is whether Defendant has established that Count II fails as a matter of law. She has not. The Court need not adopt her proposed rule in order to resolve the present motion.

## IV. THE COMPLAINT PLAUSIBLY ALLEGES THAT DEFENDANT SMITH PROCURED THE WARRANT THROUGH MATERIALLY DEFECTIVE LEGAL PROCESS

Independently of Defendant's challenge to the sufficiency of Plaintiff's seizure allegations, the Reply does not defeat Plaintiff's allegations that the warrant itself resulted from constitutionally defective legal process. Defendant acknowledges that Franks applies to knowing or reckless falsehoods and material omissions in a probable cause affidavit. (Doc. 28, p. 7) (citing Kapinski, 964 F.3d at 905). The First Amended Complaint plausibly alleges those elements.

The First Amended Complaint alleges that Defendant Smith was inside the Duncan Police Department on September 8, 2025, when Plaintiff entered the same building and reported to Deputy Chief Major Woods the unsecured-weapons hazard he had just documented. (Doc. 16, paragraphs 24-29). Defendant Smith prepared her probable cause affidavit the following day. (Doc. 16, paragraph 30). The Complaint alleges the affidavit omitted material context, including the documentary purpose of Plaintiff's presence in the lot, the contemporaneous report to command staff inside the same building, and the absence of conduct satisfying the elements of 21 O.S. section 1787. (Doc. 16, paragraphs 30-32, 60-64). Whether the omission was knowing, reckless, or innocent is a factual question, not a question for dismissal on the pleadings.

Defendant's original Motion to Dismiss argued that the prosecutor's and judge's independent decisions broke the causal chain. (Doc. 24, p. 20) (citing Calvert v. Ediger and Taylor v. Meacham). But the Tenth Circuit recognizes an exception where the affiant's falsehoods or material omissions caused the probable cause determination in the first place. Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996). That exception applies on the facts pled here.

Materiality under Franks is assessed by restoring the omitted information to the affidavit and asking whether the corrected affidavit would still establish probable cause. Restoring the omitted context here, the affidavit would state that Plaintiff's presence in the lot served a documentary purpose, that he reported the condition he had documented to command staff inside the same building that same day, and that his conduct did not satisfy the elements of 21 O.S. section 1787. (Doc. 16, paragraphs 30-32, 60-64). So corrected, the affidavit would not establish probable cause for the charged offense. The omissions are material as pleaded.

The Reply argues that Defendant Smith cannot be held liable because she did not personally participate in decisions made after she signed the affidavit. (Doc. 28, p. 10) (citing Mitchell v. Maynard). That argument misses the affidavit itself. The Franks theory is grounded in Defendant Smith's direct act of preparing the probable cause affidavit. The Tenth Circuit has long recognized that when an officer's falsehoods or material omissions cause the probable cause

determination, downstream decisions by the prosecutor or judge do not insulate the affiant from liability. Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996).

## V. DEFENDANT SMITH'S OWN AFFIDAVIT ESTABLISHES AWARENESS OF THE RECORDING ACTIVITY

The Reply argues that Plaintiff cannot plead First Amendment retaliation because Defendant Smith did not know Plaintiff was a journalist or that he had reported to Major Woods. (Doc. 28, pp. 8-9). That argument conflates knowledge of identity with knowledge of activity. The protection recognized in Irizarry v. Yehia, 38 F.4th 1282, 1292 (10th Cir. 2022), attaches to the act of recording law enforcement in public. It does not depend on press credentials or formal journalistic status.

Defendant Smith's own affidavit describes Plaintiff using a recording device on the end of a pole to film the interiors of marked municipal patrol units. (Doc. 24-2). Her affidavit is the document she herself prepared. It establishes that she was aware Plaintiff was engaged in recording activity before she initiated the challenged process. Her asserted lack of knowledge cannot be resolved in her favor on the pleadings.

The temporal sequence alleged in the Complaint further supports plausibility. Defendant Smith was aware of Plaintiff's recording activity, Plaintiff reported the condition he had documented to command staff inside the same building, and Defendant Smith prepared the challenged probable cause affidavit the following day. (Doc. 16, paragraphs 24-30). Whether her decision to prepare that affidavit was substantially motivated by the protected activity is a question of motive that cannot be resolved on the pleadings. Hinkle v. Beckham County Board of County Commissioners, 962 F.3d 1204, 1226 (10th Cir. 2020).

## VI. THESE DISPUTES CANNOT BE RESOLVED AGAINST PLAINTIFF AT RULE 12

The Reply repeatedly demands evidentiary showings from Plaintiff. It argues that he must come forward with proof of bad faith, proof of retaliatory motive, proof of similarly situated

comparators, and proof of Defendant Smith's actual knowledge. Those are evidentiary demands inconsistent with the Rule 12(b)(6) posture. The question now is whether the First Amended Complaint pleads facts that, taken as true and read in the light most favorable to Plaintiff, state plausible claims for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Read in that light, the First Amended Complaint states plausible claims for relief as to both Counts I and II. The Court need not resolve the ultimate merits to deny dismissal.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Suzannahe Smith's Motion to Dismiss as to Counts I and II.

Dated: August 19, 2026.

Respectfully submitted,

/s/ Jose M. DeCastro
Jose Maria DeCastro, Pro Se
5350 Wilshire Blvd., P.O. Box 36143
Los Angeles, CA 90036
chille@situationcreator.com

CERTIFICATE OF SERVICE

I certify that on August 19, 2026, a true and correct copy of the foregoing Sur-Reply was served on counsel of record via the Court's CM/ECF system, including:

Robert S. Lafferrandre (rlafferrandre@piercecouch.com)
Jeffrey C. Hendrickson (jhendrickson@piercecouch.com)
Jessica James Curtis (jjamescurtis@piercecouch.com)
Pierce Couch Hendrickson Baysinger & Green, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106

/s/ Jose M. DeCastro
Jose Maria DeCastro