IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE MARIA DeCASTRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF DUNCAN, OKLAHOMA, et al., | ) |
| | ) |
| Defendants. | ) |

Case No. 5:26-cv-00027-G

PLAINTIFF'S AMENDED SUR-REPLY TO DEFENDANT SUZANNAHE SMITH'S REPLY IN SUPPORT OF MOTION TO DISMISS

INTRODUCTION

Defendant Smith's Reply (Doc. 28) introduces a reconstructed Fourth Amendment defense built on authorities that do not appear in her Motion to Dismiss. Plaintiff submits this brief sur-reply to address the new arguments directly. The argument is straightforward. Becker v. Kroll does not establish that dismissal is required under Manuel v. City of Joliet. The Reply does not establish that Count II fails as a matter of law. The First Amended Complaint plausibly alleges that Defendant Smith procured the warrant through materially defective legal process. Defendant Smith's own affidavit reflects her awareness of Plaintiff's recording activity. And at the Rule 12 stage, Plaintiff is required to plead plausibility, not to prove his case.

This Amended Sur-Reply preserves the arguments presented in the Sur-Reply filed August 20, 2026 (Doc. 31) and adds Section V, which addresses state court records

postdating the First Amended Complaint. Those records bear on Defendant's intervening causation argument and, to the extent Younger abstention and the bad faith exception remain before the Court, on whether the documented course of the state proceeding permits application of that exception.

## I. NEW ARGUMENTS WERE IMPROPERLY RAISED IN REPLY

The Motion to Dismiss treated Count II as a malicious prosecution claim and analyzed it only under that framework. (Doc. 24, p. 19). The opening brief argued the claim was not yet cognizable because the state proceeding has not terminated in Plaintiff's favor under Myers v. Koopman. (Doc. 24, p. 20). It did not cite Manuel v. City of Joliet, 580 U.S. 357 (2017). It did not cite Becker v. Kroll, 494 F.3d 904 (10th Cir. 2007). It did not cite Brower v. County of Inyo, 489 U.S. 593 (1989), or Terry v. Ohio, 392 U.S. 1 (1968). It did not analyze whether a Fourth Amendment seizure had occurred.

The Reply abandons that framing. It now treats Count II as a seizure claim and rests on Becker, Brower, and Terry to argue that no seizure occurred. It cites Kapinski v. City of Albuquerque, 964 F.3d 900 (10th Cir. 2020), as the controlling framework for Franks materiality and recklessness. It cites Underwood v. Board of County Commissioners of Jefferson, 611 F. Supp. 2d 1223 (W.D. Okla. 2009), on First Amendment knowledge. None of these authorities appears in the Motion to Dismiss. The Tenth Circuit disfavors new arguments and authorities raised for the first time in reply. Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1164-65 (10th Cir. 1998). The Court should either disregard those new arguments or consider them only together with this response.

## II. BECKER DOES NOT ESTABLISH DISMISSAL UNDER MANUEL

Manuel held that the Fourth Amendment governs unlawful pretrial restraint flowing from constitutionally defective legal process. 580 U.S. at 367-69. The Supreme Court rejected the argument that the start of legal process forecloses Fourth Amendment scrutiny. Id.

Becker is a pre-Manuel circuit case addressing a different factual posture. The plaintiff in Becker was investigated for Medicaid fraud but never arrested and never subject to an arrest warrant. 494 F.3d at 909-13. The Tenth Circuit held that the pre-charging investigative pressure she described did not amount to a Fourth Amendment seizure. Id. at 915-16. Becker does not address an outstanding arrest warrant. It does not address restraint flowing from allegedly defective legal process. And it predates Manuel by ten years. Manuel controls where Manuel's reasoning applies. Becker does not displace Supreme Court authority on the precise question presented.

## III. THE REPLY DOES NOT ESTABLISH THAT COUNT II FAILS AS A MATTER OF LAW

The Reply's central proposition is that an unexecuted warrant does not seize anyone. (Doc. 28, p. 6). Defendant seeks dismissal on the premise that an outstanding arrest warrant allegedly procured through constitutionally defective legal process does not constitute a seizure sufficient to support the Fourth Amendment claim pleaded here. The authorities she cites do not establish that proposition under the circumstances alleged. Becker involved no arrest warrant at all. Brower and Terry address the mechanics of a completed physical

seizure, not restraint flowing from defective legal process. None of the three addresses the circumstances alleged in the First Amended Complaint.

The warrant alleged here is not an investigative inquiry, an administrative pressure, or a voluntary inconvenience. It is a standing command from the state that authorizes Plaintiff's arrest upon contact with law enforcement. It exists because Defendant Smith's affidavit caused a judicial officer to issue it. The travel restraint Plaintiff describes in the First Amended Complaint flows directly from that government act. (Doc. 16, paragraph 49). It is not self-imposed.

The Court need not decide at this stage whether the warrant satisfies the legal definition of a seizure. The question on a Rule 12 motion is whether Defendant has established that Count II fails as a matter of law. She has not. The Court need not adopt her proposed rule in order to resolve the present motion.

## IV. THE COMPLAINT PLAUSIBLY ALLEGES THAT DEFENDANT SMITH PROCURED THE WARRANT THROUGH MATERIALLY DEFECTIVE LEGAL PROCESS

Independently of Defendant's challenge to the sufficiency of Plaintiff's seizure allegations, the Reply does not defeat Plaintiff's allegations that the warrant itself resulted from constitutionally defective legal process. Defendant acknowledges that Franks applies to knowing or reckless falsehoods and material omissions in a probable cause affidavit. (Doc. 28, p. 7) (citing Kapinski, 964 F.3d at 905). The First Amended Complaint plausibly alleges those elements.

The First Amended Complaint alleges that Defendant Smith was inside the Duncan Police Department on September 8, 2025, when Plaintiff entered the same building and reported to Deputy Chief Major Woods the unsecured-weapons hazard he had just documented. (Doc. 16, paragraphs 24-29). Defendant Smith prepared her probable cause affidavit the following day. (Doc. 16, paragraph 30). The Complaint alleges the affidavit omitted material context, including the documentary purpose of Plaintiff's presence in the lot, the contemporaneous report to command staff inside the same building, and the absence of conduct satisfying the elements of 21 O.S. section 1787. (Doc. 16, paragraphs 30-32, 60-64). Whether the omission was knowing, reckless, or innocent is a factual question, not a question for dismissal on the pleadings.

Defendant's original Motion to Dismiss argued that the prosecutor's and judge's independent decisions broke the causal chain. (Doc. 24, p. 20) (citing Calvert v. Ediger and Taylor v. Meacham). But the Tenth Circuit recognizes an exception where the affiant's falsehoods or material omissions caused the probable cause determination in the first place. Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996). That exception applies on the facts pled here.

Materiality under Franks is assessed by restoring the omitted information to the affidavit and asking whether the corrected affidavit would still establish probable cause. Restoring the omitted context here, the affidavit would state that Plaintiff's presence in the lot served a documentary purpose, that he reported the condition he had documented to command staff inside the same building that same day, and that his conduct did not satisfy

the elements of 21 O.S. section 1787. (Doc. 16, paragraphs 30-32, 60-64). So corrected, the affidavit would not establish probable cause for the charged offense. The omissions are material as pleaded.

The Reply argues that Defendant Smith cannot be held liable because she did not personally participate in decisions made after she signed the affidavit. (Doc. 28, p. 10) (citing Mitchell v. Maynard). That argument misses the affidavit itself. The Franks theory is grounded in Defendant Smith's direct act of preparing the probable cause affidavit. The Tenth Circuit has long recognized that when an officer's falsehoods or material omissions cause the probable cause determination, downstream decisions by the prosecutor or judge do not insulate the affiant from liability. Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996).

## V. THE STATE COURT RECORD DOES NOT ESTABLISH AN INDEPENDENT INTERVENING DETERMINATION

Defendant's intervening causation argument assumes that subsequent state actors independently evaluated the affidavit and reached their own judgments about probable cause. The Reply separately argues that Plaintiff cannot satisfy the bad faith exception to Younger abstention, and that he must come forward with evidence beyond the allegations of his pleading. (Doc. 28, pp. 2-4) (citing Phelps v. Hamilton, 59 F.3d 1058 (10th Cir. 1995), and Phelps v. Hamilton, 122 F.3d 885 (10th Cir. 1997)). The state court record bears on both arguments. Plaintiff asks the Court to take judicial notice of the following orders and filings in State of Oklahoma v. DeCastro, Case No. CM-2025-00530, District Court of

Stephens County, and in DeCastro v. Hixon, No. MA-2026-258, Oklahoma Court of Criminal Appeals. Copies are attached as Exhibits 1 through 6. Court orders and filings are matters of public record of which this Court may take notice on a motion to dismiss. Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Plaintiff offers them for the fact that they were entered and for what they state, not for the truth of any disputed matter asserted within them. Plaintiff does not ask this Court to review or disturb any state court ruling.

On May 15, 2026, the Oklahoma Court of Criminal Appeals directed the District Court of Stephens County to determine whether Plaintiff's pending motions had been filed and, if filed and undisposed, to act upon them within thirty days. (Exhibit 2). Those pending motions included Plaintiff's Motion for Franks Hearing and Supplemental Motion for Franks Hearing, each of which challenged the sufficiency and veracity of Defendant Smith's probable cause affidavit.

On May 21, 2026, the district court set those motions for hearing on June 3, 2026. (Exhibit 3). The order states that Plaintiff had filed motions with the Stephens County Court Clerk, and it identifies the Franks motion, the Supplemental Franks motion, the recusal motion, the motion to disqualify the district attorney, the motion to deem motions confessed, and the proposed order of dismissal as the matters set for hearing.

A. Plaintiff Did Not Simply Fail to Appear

Plaintiff sought to participate in that hearing. On June 1, 2026, the district court denied his request to appear by videoconference or, alternatively, by telephone. (Exhibit 4). The stated grounds were that the arrest warrant remained outstanding, that Plaintiff had

not submitted himself to the personal jurisdiction of that court, and that the court lacked sufficient means to verify remotely that the person appearing was Plaintiff.

Plaintiff did not simply decline to participate after that ruling. On June 3, 2026, he filed a motion asking the district court to rule on the already-briefed motions on the written record or, in the alternative, to permit a limited telephonic appearance. (Exhibit 5). He offered to establish his identity by notarized declaration, by presentation of government-issued photographic identification by camera, or by any other procedure the court designated. He expressly objected to any denial or deferral of his pending motions premised upon his nonappearance.

The district court proceeded on June 3, 2026 without him. (Exhibit 6). The order recites that Plaintiff does not appear. It then denies the recusal motion and the motion to disqualify the district attorney for failure to appear and prosecute, and denies the Motion for Franks Hearing and the Supplemental Motion for Franks Hearing for failure to appear for hearing.

The objective sequence is this. Plaintiff sought to participate. The court denied remote participation. Plaintiff then requested adjudication on the written submissions, renewed his request for limited telephonic participation, offered multiple means of verifying his identity, and expressly objected to denial based upon nonappearance. The court nevertheless proceeded in his absence and expressly relied upon that absence in denying the pending motions.

B. The Record Does Not Reflect an Independent Merits Determination

The significance for Defendant's causation argument is narrow and specific. The subsequent proceedings identified here do not reflect an independent merits adjudication of Plaintiff's Franks challenge to Defendant Smith's affidavit. The Franks motions were the vehicle by which that adjudication would have occurred, and they were denied for failure to appear and prosecute rather than on the merits. The June 3 order contains no assessment of the affidavit's veracity, no finding regarding the alleged omissions, and no probable cause determination separate from the one Defendant Smith's affidavit produced on December 10, 2025.

Defendant's argument under Calvert and Taylor depends on downstream actors having exercised independent judgment about probable cause. The record before this Court does not establish that independent judgment as a matter of law. It shows instead that Plaintiff's request for a merits examination of the affidavit was disposed of without that examination occurring. At the pleading stage, that record does not establish a clean intervening determination that defeats Count II.

Two further features of the state record bear on the same point. The judge who signed the probable cause finding authorizing the warrant on December 10, 2025 is the same judge who denied the motions challenging it, including Plaintiff's motion for her recusal. And Plaintiff was unable to appear in person without first surrendering on the very warrant his motions sought to challenge. Plaintiff does not ask this Court to decide whether recusal was required or whether the state court ruled correctly. These facts are offered only

to show that the subsequent proceedings do not supply the independent intervening determination on which Defendant's causation argument rests.

C. The Same Procedural History Bears on the Younger Bad Faith Inquiry

The same records bear on a separate question. Plaintiff does not contend that any single adverse procedural ruling, standing alone, establishes bad faith. Each event described above may admit of an explanation when viewed in isolation. The relevance lies in the sequence reflected in the state court record and in the cumulative effect of those events upon Plaintiff's ability to obtain consideration of his challenge to the warrant.

Defendant argues that allegations alone cannot carry the bad faith exception and that Plaintiff must come forward with additional, supplemental evidence. (Doc. 28, p. 3) (citing Phelps v. Hamilton, 122 F.3d 885, 889-90 (10th Cir. 1997)). Plaintiff submits the records described above in answer to that argument. Defendant's Reply specifically faults Plaintiff for failing to provide the additional, supplemental evidence described in Phelps II, and states that he has not done so. (Doc. 28, p. 3). The records now before the Court are offered for precisely that purpose. They are not additional allegations concerning the state proceeding. They are the subsequent state court orders and filings documenting what occurred. They are judicially noticeable, and they postdate both the First Amended Complaint and Plaintiff's Response. Plaintiff offers these judicially noticeable records in response to Defendant's Phelps argument concerning the bad faith exception to Younger abstention, and not to supplement the factual allegations underlying the merits of Counts I or II.

On the first Phelps consideration, Defendant argues that Plaintiff offers no response as to why Judge Hixon's probable cause finding should be disturbed, that a judicial determination carries significant weight, and that Plaintiff must offer concrete impeachment of it. (Doc. 28, p. 3) (citing Phelps v. Hamilton, 59 F.3d 1058, 1065-66 (10th Cir. 1995)). The state court record bears directly on that contention. Plaintiff sought that impeachment through his Motion for Franks Hearing and Supplemental Motion for Franks Hearing, filed January 9 and January 20, 2026. When those motions remained undecided, he sought relief in the Oklahoma Court of Criminal Appeals. (Exhibit 2). The district court then set them for hearing. (Exhibit 3). They were denied for failure to appear and prosecute. (Exhibit 6). The absence of a state court merits determination on Plaintiff's impeachment challenge reflects the disposition of his Franks motions without reaching that challenge, not a failure by Plaintiff to raise or pursue it. The same judicial officer who made the probable cause finding presided over its disposition.

On the second Phelps consideration, Defendant argues that Plaintiff does not allege Defendant Smith was aware of any protected activity before she prepared the affidavit. (Doc. 28, pp. 4, 8). Section VI addresses that contention on the basis of Defendant Smith's own affidavit. Whatever Defendant Smith knew concerning Plaintiff's status as a journalist or his report to Major Woods, her own affidavit reflects awareness of the recording activity itself when she prepared the challenged affidavit.

D. The State Court Record Provides Additional Context Concerning the Proposed Order and Service

On May 21, 2026, the district court signed a Notice and Order Setting Hearing. (Exhibit 3). The order states that Plaintiff had filed motions in the matter with the Stephens County Court Clerk. It then enumerates five matters set for hearing on June 3, 2026:

1. Motion for Judicial Recusal of Carrie Hixon, filed January 20, 2026.
2. Motion to Disqualify District Attorney Dan Jacobsma, filed January 20, 2026.
3. Motion for Franks Hearing, filed January 9, 2026, and Supplemental Motion for
   Franks Hearing, filed January 20, 2026.
4. Motion to Deem Motions Confessed.
5. Proposed Order of Dismissal.

That order bears on two matters.

First, it identifies the Proposed Order of Dismissal as Item 5 among the matters the court set for hearing. The June 3 order addresses the same document differently. It states that Plaintiff's mandamus petition references a Proposed Order of Dismissal filed February 13, 2026, that the court finds no such proposed order filed on that date, and that it therefore makes no ruling as to that order. (Exhibit 6). The May 21 identification of the Proposed Order as a matter set for hearing is difficult to reconcile with the June 3 finding that no such Proposed Order had been filed on February 13. Plaintiff does not ask this Court to resolve that question or to determine how it arose, and he does not characterize the intent of any state judicial officer. He identifies it because the June 3 order relies in part on the asserted absence of that filing.

Second, the certificate of receipt and mailing attached to the May 21 order reflects that the Stephens County Court Clerk directed official correspondence in this case to Dan Jacobsma, District Attorney, District 3, 101 N. Main Street, Suite 104, Altus, Oklahoma

73521. (Exhibit 3). The certificate attached to the June 3 order uses the same address. (Exhibit 6). Before either order issued, Plaintiff had filed a Notice of Good Faith Efforts to Confirm Prosecuting Authority in the state court on January 6, 2026, attaching a letter he had sent to District Attorney Jacobsma by certified mail requesting the correct mailing and electronic mail addresses for official correspondence. (Exhibit 1). According to Plaintiff's records, no response was received. The court's own use of the Altus address is relevant context concerning the service issue on which the June 3 order relied in part.

Plaintiff had attempted to challenge the warrant pro se through written motions, sought relief from the Oklahoma Court of Criminal Appeals when those motions remained unresolved, sought to participate when the district court thereafter scheduled them for hearing, and requested adjudication on the written submissions when remote participation was denied. After those efforts, the motions were denied without Plaintiff's participation, and Plaintiff retained counsel for $4,500 to protect his interests in the state proceeding.

E. Application at the Rule 12 Stage

These events are not offered as isolated procedural errors, and Plaintiff does not ask this Court to sit in review of the Oklahoma district court or to decide whether any individual ruling was correct. Considered together with the allegations already pleaded concerning the initiation of the prosecution, they bear on whether the state proceeding supplies the ordinary basis for Younger deference and on whether Plaintiff's claim of bad faith may be rejected as a matter of law at this stage. Plaintiff does not ask the Court to resolve the

ultimate factual question now. He submits that the documented course of proceedings prevents that question from being resolved against him on Defendant's motion to dismiss.

## VI. DEFENDANT SMITH'S OWN AFFIDAVIT REFLECTS AWARENESS OF THE RECORDING ACTIVITY

The Reply argues that Plaintiff cannot plead First Amendment retaliation because Defendant Smith did not know Plaintiff was a journalist or that he had reported to Major Woods. (Doc. 28, pp. 8-9). That argument conflates knowledge of identity with knowledge of activity. The protection recognized in Irizarry v. Yehia, 38 F.4th 1282, 1292 (10th Cir. 2022), attaches to the act of recording law enforcement in public. It does not depend on press credentials or formal journalistic status.

Defendant Smith's own affidavit describes Plaintiff using a recording device on the end of a pole to film the interiors of marked municipal patrol units. (Doc. 24-2). Her affidavit is the document she herself prepared. Her own description of Plaintiff's recording conduct reflects her awareness of that activity when she prepared the challenged affidavit. Her asserted lack of knowledge cannot be resolved in her favor on the pleadings.

The temporal sequence alleged in the Complaint further supports plausibility. Defendant Smith was aware of Plaintiff's recording activity, Plaintiff reported the condition he had documented to command staff inside the same building, and Defendant Smith prepared the challenged probable cause affidavit the following day. (Doc. 16, paragraphs 24-30). Whether her decision to prepare that affidavit was substantially motivated by the protected activity is a question of motive that cannot be resolved on the pleadings. Hinkle

v. Beckham County Board of County Commissioners, 962 F.3d 1204, 1226 (10th Cir. 2020).

VII. THESE DISPUTES CANNOT BE RESOLVED AGAINST PLAINTIFF AT RULE 12

Apart from the separate abstention inquiry addressed in Section V, the Reply repeatedly demands evidentiary showings concerning the merits of Plaintiff's claims, including proof of retaliatory motive, similarly situated comparators, and Defendant Smith's actual knowledge. Those merits-based evidentiary demands are inconsistent with the Rule 12(b)(6) posture. The question now is whether the First Amended Complaint pleads facts that, taken as true and read in the light most favorable to Plaintiff, state plausible claims for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Read in that light, the First Amended Complaint states plausible claims for relief as to both Counts I and II. The Court need not resolve the ultimate merits to deny dismissal.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Suzannahe Smith's Motion to Dismiss as to Counts I and II.

Dated: August 21, 2026.

Respectfully submitted,

/s/ Jose M. DeCastro
Jose Maria DeCastro, Pro Se
5350 Wilshire Blvd., P.O. Box 36143

Los Angeles, CA 90036
chille@situationcreator.com

# CERTIFICATE OF SERVICE

I certify that on August 21, 2026, a true and correct copy of the foregoing Amended Sur-Reply was served on counsel of record via the Court's CM/ECF system, including:

Robert S. Lafferrandre (rlafferrandre@piercecouch.com)
Jeffrey C. Hendrickson (jhendrickson@piercecouch.com)
Jessica James Curtis (jjamescurtis@piercecouch.com)
Pierce Couch Hendrickson Baysinger & Green, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106

/s/ Jose M. DeCastro
Jose Maria DeCastro

# EXHIBIT 1

NOTICE OF GOOD-FAITH EFFORTS TO CONFIRM PROSECUTING AUTHORITY AND CONTACT INFORMATION

Filed January 6, 2026, with December 31, 2025 letter attached

State of Oklahoma v. DeCastro, Case No. CM-2025-530

IN THE DISTRICT COURT OF STEPHENS COUNTY
STATE OF OKLAHOMA

FILED DISTRICT COURT
Stephens County, Okla.
JAN 06 2025
MELODY HARPER
Court Clerk

STATE OF OKLAHOMA,
Plaintiff,

v.

JOSE MARIA DECASTRO,
Defendant.

Case No. CM-2025-[illegible] 530

## NOTICE OF GOOD-FAITH EFFORTS TO CONFIRM PROSECUTING AUTHORITY AND CONTACT INFORMATION

COMES NOW the Defendant, Jose Maria DeCastro, appearing pro se, and submits this Notice for the limited purpose of documenting good-faith efforts to confirm the correct prosecuting authority and contact information following reassignment of this matter.

On December 31, 2025, Defendant transmitted a written request via United States Certified Mail, Return Receipt Requested, to Dan Jacobsma, District Attorney for District 3, seeking confirmation of the appropriate mailing address and email address for official correspondence in this matter.

This Notice is filed solely to memorialize diligence and ensure the Court's record accurately reflects Defendant's reasonable efforts to communicate through proper channels following reassignment. No argument is presented, and no relief is requested.

Respectfully submitted,

Jose DeCastro
Defendant, Pro Se

5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036

(310) 963-2445
chille@situationcreator.com

See: Exh A (Attached)

\\

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the underlying correspondence referenced herein was served by United States Certified Mail, Return Receipt Requested, on December 31, 2025, addressed to:

Dan Jacobsma
District Attorney, District 3
Jackson County Courthouse
101 N. Main Street, Suite 104
Altus, OK 73521

Dated this 31st day of December, 2025.

Jose DeCastro
Defendant, Pro Se

Jose DeCastro
Plaintiff, Pro Se

5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036

(310) 963-2445
chille@situationcreator.com

Exb. A

December 31, 2025

Dan Jacobsma
District Attorney, District 3
Jackson County Courthouse
101 N. Main Street, Suite 104
Altus, OK 73521

**Re: State of Oklahoma v. Jose Maria DeCastro, Stephens County District Court Case No. CM-2025-529 – Request for Correct Contact Information and Confirmation of Assignment**

Dear Mr. Jacobsma,

I attempted to contact you by email at an address associated with the Oklahoma District Attorneys Council. That message was rejected by the DAC mail server as undeliverable, indicating that the address does not exist or is unable to receive mail.

I also attempted to reach the Council through publicly listed email addresses without success.

This inquiry relates to official correspondence in connection with the above-captioned matter. This matter was reassigned to your office pursuant to the September 16, 2025 correspondence from Attorney General Gentner Drummond, a copy of which was previously provided to the Stephens County District Court.

Please advise the correct mailing address and email address for official correspondence with you, or identify the appropriate office or representative authorized to receive notice on your behalf. I would appreciate confirmation of receipt and any updated contact details at your earliest convenience.

Thank you for your attention to this matter.

Respectfully submitted,

Jose DeCastro
Plaintiff, Pro Se

# EXHIBIT 2

ORDER DIRECTING RESPONSE
Court of Criminal Appeals of the State of Oklahoma
No. MA-2026-258, filed May 15, 2026

State of Oklahoma v. DeCastro, Case No. CM-2025-530

FILED
COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

MAY 15 2026

SELDEN JONES
CLERK

**IN THE COURT OF CRIMINAL APPEALS**
**OF THE STATE OF OKLAHOMA**

THE CLERK SHALL ENTER THE FOLLOWING ORDERS OF THE COURT:

1 **F-2026-63**
**Major County**
**Case No. CF-2023-9**
**Justin P. Eilers**
**District Judge**

**THOMAS KYLE WALKER v. THE STATE OF OKLAHOMA**

**ORDER GRANTING REQUEST TO WITHDRAW AS COUNSEL OF RECORD**

On April 22, 2026, Ariel Parry, Chief of Oklahoma Indigent Defense System West (OIDS), filed a motion to withdraw as counsel in this Court's Appeal No. F-2026-63 and private counsel, James L. Hankins, filed an Entry of Appearance with the Clerk of this Court. OIDS's motion is **GRANTED.**

2 **MA-2026-258**
**Stephens County**
**Case No. CM-2025-530**
**Honorable Carrie Hixon**
**Special Judge**

**JOSE M. DECASTRO v. THE HON. CARRIE HIXON, SPECIAL JUDGE**

FILED DISTRICT COURT
Stephens County, Okla.
MAY 18 2026
MELODY HARPER
Court Clerk

**ORDER DIRECTING RESPONSE**

Petitioner, *pro se*, filed with the Clerk of this Court an Emergency Petition for Writ of Mandamus requesting this Court issue a Writ of Mandamus to the District Court of Stephens County. Petitioner alleges that as of the date of filing this request for relief with this Court, the District Court has failed to rule on Petitioner's Motion for Franks Hearing which Petitioner alleges was filed in the District Court on January 9, 2026; Supplemental Motion for Franks Hearing, Motion to Disqualify District Attorney Dan Jacobsma, and Motion for Judicial Recusal of the Honorable Carrie Hixon, which Petitioner alleges was filed in the District Court on January 20, 2026; and Motion to Deem Motions Confessed and Proposed Order of Dismissal which Petitioner alleges was filed in the District Court on February 13, 2026.

The District Court of Stephens County, the Honorable Carrie Hixson, Special Judge, or a designated representative, shall determine whether Petitioner has filed the above-referenced pleadings. If no such request was filed, the District Court shall advise this Court by memorandum. If the District Court has already disposed of Petitioner's request, a certified copy of the disposition order shall be forwarded to this Court and Petitioner. If the request was filed and disposition has not been made, the District Court shall act upon the request within thirty (30) days from the date of this order and forward a certified copy of the disposition order to this Court, and Petitioner.

3 **MA-2026-264**
**Oklahoma County**
**Case No. CF-2023-2590**
**Honorable Heather Coyle**
**District Judge**

**CALVIN MOSELY JR v. THE STATE OF OKLAHOMA**

**ORDER DIRECTING RESPONSE**

Petitioner, *pro se*, filed with the Clerk of this Court a Petition for Writ of Mandamus requesting this Court issue a Writ of Mandamus to the District Court of Oklahoma County. Petitioner alleges that as of the date of filing this request for relief with this Court, the District Court has failed to rule on Petitioner's Application for Post Conviction Relief which Petitioner alleges was filed in the District Court on December 29, 2025.

The District Court of Oklahoma County, the Honorable Heather Coyle, District Judge, or a designated representative, shall determine whether Petitioner has filed the above-referenced pleading. If no such request was filed, the District Court shall advise this Court by memorandum. If the District Court has already disposed of Petitioner's request, a certified copy of the disposition order shall be forwarded to this Court and Petitioner. If the request was filed and disposition has not been made, the District Court shall act upon the request within thirty (30) days from the date of this order and forward a certified copy of the disposition order to this Court, and Petitioner.

**IT IS SO ORDERED.**

**WITNESS MY HAND AND THE SEAL OF THIS COURT** this 15 day of May, 2026.

**GARY L. LUMPKIN, Presiding Judge**

ATTEST:

Clerk

NF

# EXHIBIT 3

NOTICE AND ORDER SETTING HEARING

District Court of Stephens County, State of Oklahoma

Filed May 21, 2026

State of Oklahoma v. DeCastro, Case No. CM-2025-530

IN THE DISTRICT COURT WITHIN AND FOR STEPHENS COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, Plaintiff, | ) | CASE NO: CM-2025-530 |
| vs | ) | FILED [illegible] Stephens County [illegible] MAY 21 2026 MELODY HARPER Court Clerk |
| JOSE M. DECASTRO, Defendant. | ) | |

**NOTICE AND ORDER SETTING HEARING**

This Court having been notified that the Defendant in the above styled cause has filed Motions in this matter with the Stephens County Court Clerk, but said motions having never been delivered to the Office of the Special District Judge, determines these matters should be set for hearing.

IT IS THEREFORE ORDERED that the following motions will be set for hearing on the **3rd day of June 2026 at 2:00 p.m.:**

1. Motion for Judicial Recusal of Carrie Hixon (filed January 20, 2026)
2. Motion to Disqualify District Attorney Dan Jacobsma (filed January 20, 2026)
3. Motion for Franks hearing (filed January 9, 2026) and Supplemental Motion for Franks hearing (filed January 20, 2026)
4. Motion to Deem Motions Confessed
5. Proposed Order of Dismissal

The Stephens County Court Clerk is directed to mail a copy of this Notice and Order Setting Hearing to both the Plaintiff and Defendant.

**IT IS SO ORDERED.**

Carrie Hixon

Judge of the District Court

**CERTIFICATEOF RECEIPT/MAILING**

I, Melody Harper, District Court Clerk, do hereby certify that the above and foregoing Order of the Court was filed in this office on the 21 day of May, 2026 and a true and correct copy of the same was mailing to the following:

Dan Jacobsma
District Attorney, District 3
101 N. Main Street, Suite 104
Altus, OK 73521

and

Jose M. DeCastro
5350 Wilshire Blvd
P.O. Box 36143
Los Angeles, CA 90036

MELODY HARPER
COURT CLERK
By: [signature]
Deputy Court Clerk

# EXHIBIT 4

ORDER DENYING LEAVE TO APPEAR BY VIDEO CONFERENCE

District Court of Stephens County, State of Oklahoma

Filed June 1, 2026

State of Oklahoma v. DeCastro, Case No. CM-2025-530

**IN THE DISTRICT COURT WITHIN AND FOR STEPHENS COUNTY, STATE OF OKLAHOMA**

| | | |
|---|---|---|
| **THE STATE OF OKLAHOMA,** **Plaintiff,** | ) | |
| vs. | ) | **CASE NO. CM-2025-530** |
| **JOSE M. DECASTRO,** **Defendant.** | ) | |

**FILED DISTRICT COURT**
**Stephens County, Okla.**
JUN 01 2026
**MELODY HARPER**
**Court Clerk**

**ORDER**

Now, on this 1st day of June, 2026, the Court having received *Defendant's Motion for Leave to Appear by Video Conference at the hearing set for June 3, 2026*, which was received via USPS on today's date, but was not filed with the Stephens County Court Clerk, does hereby attach said Motion to this Court's Order as "*Exhibit A*" and finds as follows:

1. Defendant was charged by Information on December 10, 2025 and an arrest warrant was issued by the Court on that date.

2. As of today's date, this arrest warrant remains outstanding as the Defendant has yet to be arrested or submit himself to the personal jurisdiction of this Court.

3. Since the Defendant has never personally appeared before this Court for arraignment, the Defendant's identity has never been affirmatively confirmed by this Court and this Court is without sufficient means to ensure the person who appears by telephone or video is, in fact, the Defendant charged in the above styled cause.

Therefore, the Defendant's Motion is hereby **DENIED.**

Carrie Hixon
District Judge

CERTIFICATEOF RECEIPT/MAILING

I, Melody Harper, District Court Clerk, do hereby certify that the above and foregoing Order of the Court was filed in this office on the 1 day of June, 2026 and a true and correct copy of the same was mailing to the following:

Dan Jacobsma
District Attorney, District 3
101 N. Main Street, Suite 104
Altus, OK 73521

and

Jose M. DeCastro
5350 Wilshire Blvd
P.O. Box 36143
Los Angeles, CA 90036

MELODY HARPER
COURT CLERK

By: ______________
Deputy Court Clerk

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT
OF THE STATE OF OKLAHOMA, IN AND FOR STEPHENS COUNTY

THE STATE OF OKLAHOMA,

Plaintiff,

vs. Case No. CM-2025-00530

(Special Judge Carrie Hixon)

JOSE M. DECASTRO,

Defendant.

DEFENDANT'S MOTION FOR LEAVE TO APPEAR BY VIDEOCONFERENCE
AT THE HEARING SET FOR JUNE 3, 2026

COMES NOW the Defendant, Jose M. DeCastro, appearing pro se, and respectfully moves this Court for leave to appear and participate by videoconference, or in the alternative by telephone, at the hearing currently set for June 3, 2026. In support of this Motion, Defendant states as follows.

BACKGROUND

1. On May 21, 2026, this Court issued a Notice and Order Setting Hearing in this matter, setting a hearing for June 3, 2026, at 2:00 p.m. in the Stephens County District Court.

2. The hearing follows the May 15, 2026 Order of the Oklahoma Court of Criminal Appeals in MA-2026-258, which directed this Court to determine the status of, and act upon, Defendant's pending motions within thirty days.

3. Defendant has several motions pending before this Court, including his Motion for Franks Hearing, his Supplemental Motion for Franks Hearing, his Motion for Judicial Recusal, his Motion to Disqualify the District Attorney, and his Motion to Deem Motions Confessed.

4. Defendant resides in Los Angeles, California. His mailing address is 5350 Wilshire Boulevard, P.O. Box 36143, Los Angeles, California 90036.

GROUNDS FOR RELIEF

5. Defendant lives approximately 1,300 miles from the Stephens County Courthouse. Travel from Los Angeles, California to Duncan, Oklahoma requires substantial time and expense, including airfare, ground transportation, and lodging.

Exhibit
A

6. The Notice setting the June 3, 2026 hearing was issued on May 21, 2026. The interval between the Notice and the hearing date is short. Arranging out-of-state travel on this limited notice imposes significant financial and logistical hardship upon Defendant.

7. Appearance by videoconference would allow Defendant to participate fully in the hearing, to be seen and heard by the Court, and to present argument on his pending motions, without the hardship and expense of cross-country travel. Remote appearance would allow the matter to proceed without delay while preserving Defendant's ability to participate fully.

8. Defendant is not presently in custody and voluntarily requests leave to appear remotely while remaining fully available to the Court.

9. Remote appearance is routinely permitted for out-of-state and pro se litigants, particularly in misdemeanor matters and where proceedings concerning Defendant's pending motions remain ongoing. Permitting Defendant to appear by videoconference serves judicial economy and does not prejudice the State.

10. Defendant is prepared to appear by videoconference on June 3, 2026, or on any later date the Court may set, using any platform and any technical procedures the Court directs. Defendant will make himself available at the date and time the Court designates.

ALTERNATIVE RELIEF

11. If the Court is unable to accommodate a videoconference or telephonic appearance for the hearing currently set for June 3, 2026, Defendant respectfully requests, in the alternative, that the hearing be continued to a date on which a videoconference or telephonic appearance can be arranged.

CONCLUSION

WHEREFORE, Defendant Jose M. DeCastro respectfully requests that this Court grant him leave to appear and participate by videoconference, or in the alternative by telephone, at the hearing set for June 3, 2026; or, in the alternative, that the Court continue the hearing to a date on which a videoconference or telephonic appearance can be arranged; and grant such other relief as the Court deems just and proper.

Dated this 26th day of May, 2026.

Respectfully submitted,

/s/ Jose M. DeCastro
Jose M. DeCastro, Defendant Pro Se
5350 Wilshire Boulevard, P.O. Box 36143
Los Angeles, California 90036
Telephone: (310) 963-2445
Email: Chille@situationcreator.com

CERTIFICATE OF SERVICE

I, Jose M. DeCastro, hereby certify that on this 26th day of May, 2026, a true and correct copy of the foregoing Defendant's Motion for Leave to Appear by Videoconference at the Hearing Set for June 3, 2026 was served by Certified United States Mail, return receipt requested, upon the following:

Office of the District Attorney
Attn: District Attorney Dan Jacobsma
101 N. Main Street, Suite 104
Altus, Oklahoma 73521

Office of Special District Judge Carrie Hixon
Stephens County Courthouse
101 South 11th Street
Duncan, Oklahoma 73533

/s/ Jose M. DeCastro
Jose M. DeCastro, Defendant Pro Se

# EXHIBIT 5

DEFENDANT'S MOTION TO RULE ON THE PENDING MOTIONS
WITHOUT REQUIRING PERSONAL APPEARANCE

Filed June 3, 2026

State of Oklahoma v. DeCastro, Case No. CM-2025-530

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT
OF THE STATE OF OKLAHOMA, IN AND FOR STEPHENS COUNTY

THE STATE OF OKLAHOMA,

Plaintiff,

vs. Case No. CM-2025-00530

(Special Judge Carrie Hixon)

JOSE M. DECASTRO,

Defendant.

FILED DISTRICT COURT
Stephens County, Okla.
JUN 03 2026
MELODY HARPER
Court Clerk

DEFENDANT'S MOTION TO RULE ON THE PENDING MOTIONS WITHOUT REQUIRING PERSONAL APPEARANCE, OR IN THE ALTERNATIVE TO PERMIT A LIMITED TELEPHONIC APPEARANCE, AND OBJECTION TO ANY DENIAL OR DEFERRAL OF THE PENDING MOTIONS PREMISED ON NON-APPEARANCE

COMES NOW the Defendant, Jose M. DeCastro, appearing pro se, and respectfully moves this Court to comply with the directive of the Oklahoma Court of Criminal Appeals by ruling upon his fully briefed pending motions on the written record, without requiring his personal appearance; or, in the alternative, to permit him to appear by telephone for the limited purpose of the pending motions; and Defendant objects to any denial or deferral of his pending motions premised solely upon his non-appearance. In support, Defendant states as follows.

I. THE OCCA DIRECTIVE AND THE STATUS OF THE PENDING MOTIONS

1. By Order dated May 15, 2026 in MA-2026-258, the Oklahoma Court of Criminal Appeals directed this Court to determine the status of, and act upon, Defendant's pending motions within thirty days, and to forward a certified copy of its disposition to that Court and to Defendant.

2. Defendant's pending motions, including his Motion for Franks Hearing, his Supplemental Motion for Franks Hearing, his Motion for Judicial Recusal, his Motion to Disqualify the District Attorney, and his Motion to Deem Motions Confessed, have been briefed and are ripe for decision on the written record.

## II. THE COURT CAN COMPLY WITH THE DIRECTIVE BY RULING ON THE RECORD

3. The Court of Criminal Appeals directed this Court to act upon Defendant's pending motions; it did not direct a hearing requiring Defendant's physical presence. The pending motions present questions of law and questions concerning the sufficiency of the affidavit supporting the warrant, each of which may be decided on the written record. No witness testimony or credibility determinations are necessary for the Court to decide whether the pending motions warrant relief or disposition.

4. Defendant's personal appearance is therefore not necessary for this Court to act within the thirty-day period the Court of Criminal Appeals prescribed. Defendant respectfully submits that the Court may comply with that directive by ruling upon the pending motions on the papers, and requests that it do so.

5. Oklahoma law recognizes that a defendant's personal appearance is not invariably required in misdemeanor proceedings. See 22 O.S. § 452; see also 22 O.S. § 912. The charges in this matter are misdemeanors, and the pending motions present threshold legal questions capable of resolution on the written record.

6. Ruling on the written submissions would fully comply with the directive of the Court of Criminal Appeals while avoiding unnecessary expenditure of judicial and law enforcement resources concerning an out-of-state misdemeanor defendant, particularly where no evidentiary hearing has been deemed necessary.

## III. ANSWERING THE COURT'S STATED CONCERNS

7. By Order dated June 1, 2026, this Court denied Defendant's request to appear by videoconference or telephone, citing the outstanding warrant and concerns regarding confirmation of Defendant's identity.

8. Defendant files this limited motion solely to request adjudication of the pending motions, and to preserve his objections concerning the warrant and the requirement that he surrender to it before those motions are reviewed. Nothing in this Motion, or in any limited telephonic participation, is intended as a waiver of those objections.

9. As to the confirmation of identity, Defendant offers to verify his identity by any reasonable means the Court designates, including a notarized declaration, presentation of government-issued photographic identification by camera, or any other procedure the Court directs. The concern identified by the Court is therefore one Defendant stands ready to resolve, not an obstacle to his participation.

## IV. OBJECTION TO PROCEEDING IN DEFENDANT'S ABSENCE

10. Defendant cannot appear in person without surrendering on the arrest warrant issued in this matter. The validity of that warrant is the precise subject of Defendant's pending Motion for Franks Hearing, which contends that the affidavit supporting the warrant was deficient.

11. The special judge presiding over the June 3, 2026 hearing previously issued the warrant that Defendant's pending motions challenge, and is also the judge who is the subject of Defendant's pending Motion for Judicial Recusal.

12. To condition Defendant's ability to contest the warrant he seeks to challenge on his first surrendering to that warrant denies him any meaningful opportunity to be heard on the very motions the Court of Criminal Appeals directed this Court to decide. Defendant therefore objects to any denial or deferral of his pending motions premised solely upon his non-appearance.

13. Defendant respectfully submits that denying him any opportunity to participate, in person or remotely, while his motions are decided, implicates his constitutional right to a meaningful opportunity to be heard and to due process of law. Defendant respectfully preserves these constitutional objections for the record.

V. ALTERNATIVE RELIEF

14. If the Court declines to rule on the pending motions on the written record, Defendant requests, in the alternative, leave to appear by telephone for the limited purpose of the pending motions, and to confirm his identity by the means described above. Defendant is prepared to appear by telephone on June 3, 2026, or on any later date the Court may set.

15. In the further alternative, and only if no remote participation can be accommodated, Defendant requests that the hearing be continued to a date on which a limited telephonic or videoconference appearance can be arranged. Defendant notes that the Notice setting the June 3, 2026 hearing issued only on May 21, 2026, and that his prior appearance motion was returned to him by mail and received only days before the hearing, leaving him without a meaningful opportunity to arrange out-of-state travel.

CONCLUSION

WHEREFORE, Defendant Jose M. DeCastro respectfully requests that this Court rule upon his pending motions on the written record without requiring his personal appearance; or, in the alternative, permit him to appear by telephone for the limited purpose of the pending motions; that the Court decline to deny or defer his pending motions premised solely upon his non-appearance; that the Court issue written rulings sufficient to permit meaningful appellate review; and that the Court grant such other and further relief as it deems just and proper.

Dated this 3rd day of June, 2026.

Respectfully submitted,

/s/ Jose M. DeCastro

Jose M. DeCastro, Defendant Pro Se

5350 Wilshire Boulevard, P.O. Box 36143

Los Angeles, California 90036

Telephone: (310) 963-2445

Email: Chille@situationcreator.com

CERTIFICATE OF SERVICE

I, Jose M. DeCastro, hereby certify that on this 3rd day of June, 2026, a true and correct copy of the foregoing was served upon the following:

Office of the District Attorney
Attn: District Attorney Dan Jacobsma
101 N. Main Street, Suite 104
Altus, Oklahoma 73521

Office of Special District Judge Carrie Hixon
Stephens County Courthouse
101 South 11th Street
Duncan, Oklahoma 73533

/s/ Jose M. DeCastro

Jose M. DeCastro, Defendant Pro Se

# EXHIBIT 6

ORDER

District Court of Stephens County, State of Oklahoma

Filed June 3, 2026

State of Oklahoma v. DeCastro, Case No. CM-2025-530

**IN THE DISTRICT COURT WITHIN AND FOR STEPHENS COUNTY, STATE OF OKLAHOMA**

| | | |
|---|---|---|
| **THE STATE OF OKLAHOMA,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CASE NO. CM-2025-530** |
| | ) | |
| **JOSE M. DECASTRO,** | ) | |
| **Defendant.** | ) | |

FILED DISTRICT COURT
Stephens County, Okla.
JUN 03 2026
MELODY HARPER
Court Clerk

**ORDER**

**NOW** on this 3rd day of June 2026, the above styled and numbered matter comes on for hearing on Defendant's Pre-Arraignment Motions as set out in this Court's Order Setting hearing filed herein on the 21st day of May, 2026. The State of Oklahoma appears by District Attorney Dan Jacobsma. The Defendant, Jose M. DeCastro does not appear.

The Court hereby finds as follows:

1. Defendant filed a *Motion for Judicial Recusal* on the 20th day of January, 2026. Pursuant to Rule 15, before a party files a written application requesting a judge's recusal, the party must first make an in camera request to the judge. No in camera request was made to the Court prior to the filing of the motion to recuse. Further, this Court would advise the parties that it left its employment with the Office of the District Attorneys office in 2013.While employed with the Office of the District Attorney, this Court was assigned to Jefferson County and did not work closely alongside the affiants as suggested in Defendant's Motion. The Court finds that the Defendant has failed to follow statutory procedure, no basis in the Defendant's Motion exists to warrant Judicial recusal, and the Defendant's Motion is denied for failure to appear and prosecute his motion.

2. Defendant filed a *Motion to Disqualify Prosecutor* on the 20th day of January 2026. District 3 District Attorney Dan Jacobsma was appointed by the Oklahoma Attorney General to prosecute this matter on September 16, 2025. This dated letter was filed of record on December 26, 2025. This Court does not find sufficient grounds on the face of Defendant's Motion to warrant an Order of Disqualification in this matter and the Court hereby denies Defendant's Motion for failure to appear and prosecute his motion.

3. Defendant filed a *Motion for Franks Hearing* on January 9, 2026 and *Supplemental Motion for Franks Hearing* on January 20, 2026. Per the Defendant's certificate of service, the Motion for Franks Hearing filed on January 9, 2026 was mailed to the Jefferson County Courthouse in Waurika, Oklahoma rather than to District Attorney Jacobsma's office. The Supplemental Motion does show to have been mailed to Jacobsma's office in Altus.

4. Defendant filed a *Motion to Deem Motions Confessed* on February 13, 2026. The Court finds the Defendant did not properly give notice to the State of its Motion for Franks Hearing as the Defendant sent this motion to Jefferson County Courthouse and the State has not consented to service by electronic mail. The Court further finds neither the *Motion for Franks Hearing* nor *Supplemental Motion for Franks Hearing* were verified by the Defendant and that no response as to Defendant's *Motion for Franks Hearing* or *for Franks Hearing* was statutorily required as a Frank's Motion requires an evidentiary hearing before ruling. Therefore, the Defendant's *Motion to Deem Motions as Confessed* is hereby denied and shall proceed to hearing on Defendant's *Motion for Franks Hearing*.

5. As to Defendant's *Motion for Franks hearing* and *Supplemental Motion for Franks Hearing*, the Court finds that the Defendant has failed to appear for hearing and the Court hereby denies Defendant's motions for failure to prosecute the same.

The Court further finds:

1. Defendant's *Emergency Petition for Writ of Mandamus*, Pg 3, Paragraph 6, references *Proposed Order of Dismissal (Filed February 13, 2026)*, however this Court finds no such proposed order filed on that date and, therefore, this Court makes no such rulings as to that order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT,** that all Defendant's Motions set forth herein is **DENIED**.

Carrie Hixon

District Judge

CERTIFICATEOF RECEIPT/MAILING

I, Melody Harper, District Court Clerk, do hereby certify that the above and foregoing Order of the Court was filed in this office on the 3 day of June, 2026 and a true and correct copy of the same was mailing to the following:

Dan Jacobsma
District Attorney, District 3
101 N. Main Street, Suite 104
Altus, OK 73521

Jose M. DeCastro
5350 Wilshire Blvd
P.O. Box 36143
Los Angeles, CA 90036

And further that a certified copy of this Order was mailed to:

Clerk of the Court of Criminal Appeals
Oklahoma Judicial Center
2100 N. Lincoln Blvd., Suite 4
Oklahoma City, OK 73105

MELODY HARPER
COURT CLERK

By: ______________
Deputy Court Clerk