**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE MARIA DeCASTRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF DUNCAN, OKLAHOMA; | ) | |
| SUZANNAHE SMITH, in her individual | ) | |
| and official capacities; | ) | |
| CONNOR NEWMAN, in his individual | ) | Case No. CIV-26-27-G |
| and official capacities; | ) | |
| WILLIAM FITZHUGH, in his individual | ) | |
| and official capacities; | ) | |
| BRIAN ATTAWAY, in his individual and | ) | |
| official capacities; | ) | |
| DAVID HAMMOND, in his individual | ) | |
| and official capacities; | ) | |
| DAN JACOBSMA, in his individual and | ) | |
| official capacities; | ) | |
| DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**SPECIAL ENTRY OF APPEARANCE AND MOTION TO DISMISS OF DEFENDANTS CITY OF DUNCAN, CONNOR NEWMAN, WILLIAM FITZHUGH, AND BRIAN ATTAWAY, AND BRIEF IN SUPPORT**

Defendants City of Duncan, Oklahoma, Connor Newman, William Fitzhugh, and Brian Attaway (collectively "Moving Defendants"), in their individual and official capacities, as appropriate, appearing specially and for the limited purpose of contesting the sufficiency of service of process and this Court's personal jurisdiction over them, and

without waiving any defense, objection, or immunity, respectfully move the Court to dismiss Plaintiff Jose Maria DeCastro's First Amended Complaint (Doc. 16) as to each of them under Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(5). Plaintiff has never served any of the Moving Defendants with a summons and a copy of the complaint, and the Court-extended deadline to do so expired on June 15, 2026. (Doc. 19 at 2.) In support, the Moving Defendants show as follows:

## SPECIAL ENTRY OF APPEARANCE

To the extent necessary to preserve the Moving Defendants' rights, the undersigned counsel hereby enters a special appearance on behalf of the Moving Defendants for the sole and limited purpose of presenting this motion. While it may be the case that the Federal Rules have abolished the distinction between a general and special appearance and that a "party does not waive his right to service of process upon an attorney's entry of appearance on his behalf," *see Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005), the Moving Defendants wish to be clear nonetheless that by so seeking dismissal, they do not consent to the jurisdiction of this Court, acceptance or waiver of service of process, or a waiver of any defense available under Federal Rule of Civil Procedure 12(b) or otherwise. Each Moving Defendant expressly reserves all such defenses. *See* Fed. R. Civ. P. 12(b), 12(g), 12(h)(1).

## INTRODUCTION

This civil rights action has been pending for more than nine months. Plaintiff filed it on December 18, 2025, and it was transferred to this Court on January 8, 2026. (Doc. 19 at 1.) When Plaintiff failed to serve any defendant within the ninety days allowed by Rule

4(m), the Court found good cause, extended the deadline, and directed that Plaintiff "must serve each defendant and submit proper proof of service in compliance with the requirements of Federal Rule of Civil Procedure 4 no later than June 15, 2026." (*Id.* at 2.) That deadline passed four months ago.

The record reflects that Plaintiff never requested, much less obtained, a summons for Defendants Newman, Fitzhugh, or Attaway. Although summonses were issued for the City of Duncan and Defendant Suzannahe Smith, and later for District Attorney Jacobsma, Plaintiff has never filed proof that either was served. Plaintiff himself represented to the Court on March 30, 2026, that Defendant Smith was "the only Defendant served to date." (Doc. 17.) Because Plaintiff bears the burden of establishing valid service, because no Moving Defendant has been served, and because no good cause exists for a second extension of a deadline the Court already extended once, the claims against each Moving Defendant should be dismissed without prejudice.

## STATEMENT OF FACTS

1. On December 18, 2025, Plaintiff, proceeding pro se, filed this action in the United States District Court for the Central District of California, asserting claims under 42 U.S.C. § 1983 against the City of Duncan, Oklahoma, Suzannahe Smith, Connor Newman, William Fitzhugh, Brian Attaway, David Hammond, and Does 1-10. (Doc. 1; Doc. 19 at 1.)

2. On January 6, 2026, the Central District of California ordered the case transferred, and it was opened in this District on January 8, 2026. (Docs. 10, 11; Doc. 12 at 1.)

3. Under Rule 4(m), Plaintiff's deadline to serve the defendants was March 18, 2026. (Doc. 19 at 1.) On March 16, 2026, Plaintiff moved to extend that deadline, citing the inter-district transfer, his pro se status, his residence in California, and the pending state criminal proceedings against him. (Doc. 12 at 1-2.)

4. The same day, Plaintiff filed a Request for Issuance of Summons seeking summonses for only three defendants: (a) the City of Duncan, "Attn: City Attorney," at 210 W. Willow Avenue, Duncan, OK 73533; (b) "Officer Smith (first name currently unknown)" at the Duncan Police Department, 1201 W. Spruce Avenue, Duncan, Oklahoma 73533; and (c) Dan Jacobsma at the Kiowa County Courthouse in Hobart, Oklahoma. (Doc. 13.) Plaintiff did not request a summons for Defendants Newman, Fitzhugh, Attaway, or Hammond. (*Id.*)

5. On March 18, 2026, the Clerk issued a summons directed to "City of Duncan, Oklahoma, Attn: City Attorney." (Doc. 14 at 1.) The proof-of-service portion of that summons is blank, and no return of service has been filed. (*Id.* at 2.) A summons form directed to Mr. Jacobsma at the Kiowa County Courthouse was also filed on March 18, 2026. (Doc. 15 at 1-2.) It does not reflect a clerk's issuance notation, and its proof-of-service portion is likewise blank. (*Id.*)

6. On March 30, 2026, Plaintiff filed his First Amended Complaint, which names the same defendants and adds Mr. Jacobsma, the District Attorney for District 6, as a defendant in his individual and official capacities. (Doc. 16 at 1, 3.) Newman and Fitzhugh are alleged to be Duncan Police Department officers, Attaway is alleged to be the Chief of Police, and the City is sued as a municipal corporation. (*Id.* at 3.)

7. That same day, Plaintiff requested issuance of one summons, directed solely to Mr. Jacobsma at the Jackson County District Attorney's Office in Altus, Oklahoma, and represented to the Court that he had "served a copy of the First Amended Complaint and Exhibit A on Defendant Suzannahe Smith, the only Defendant served to date, via United States Mail." (Doc. 17.) The Clerk issued that summons on March 31, 2026. (Doc. 18.)

8. On April 15, 2026, the Court granted Plaintiff's motion, finding good cause and ordering that Plaintiff "must serve each defendant and submit proper proof of service in compliance with the requirements of Federal Rule of Civil Procedure 4 no later than June 15, 2026." (Doc. 19 at 2.) The extension the Court granted was, reasonably, nearly a month longer than the May 18, 2026, deadline Plaintiff himself requested. (Doc. 12 at 2.)

9. On April 22, 2026, Defendant Smith moved to dismiss, arguing among other things that Plaintiff's certified mailing of the First Amended Complaint to her was unaccompanied by any summons and was therefore ineffective. (Doc. 24 at 14-16.) Plaintiff was thus on express notice, well before the June 15 deadline, that service of a pleading without a summons is legally insufficient.

10. The June 15, 2026 deadline has passed. No summons has ever been requested or issued for Defendants Newman, Fitzhugh, or Attaway, and no proof of service has been filed as to any Moving Defendant. Plaintiff has not sought a further extension of the service deadline.

**STANDARD OF DECISION**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Service of process is the means by which a court asserts jurisdiction over a party, and absent valid service, a named defendant is not obligated to participate in the litigation. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). A defendant may challenge the sufficiency of service by motion under Federal Rule of Civil Procedure 12(b)(5), and the resulting absence of personal jurisdiction under Rule 12(b)(2). Once service is challenged, the plaintiff generally bears the burden of establishing its validity. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

Federal Rule of Civil Procedure 4 governs the requirements. A summons or a copy of a summons that is addressed to multiple defendants must be issued "for each defendant to be served." Fed. R. Civ. P. 4(b). "A summons must be served with a copy of the complaint," and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Service of a complaint without a summons is a nullity. *Burnham v. Humphrey Hosp. REIT Tr., Inc.*, 403 F.3d 709, 716 (10th Cir. 2005). Individuals must be served in the manner prescribed by Rule 4(e), and a municipal corporation must be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or in the manner prescribed by state law. Fed. R. Civ. P. 4(e), 4(j)(2). Unless service is waived, "proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1).

Rule 4(m) supplies the deadline and the consequence of missing it: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Accordingly, the Tenth Circuit applies a two-step inquiry. The Court first asks whether the plaintiff has shown good cause for failing to timely serve. If so, an extension is mandatory. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *accord. Estate of Jackson v. Southbrook Healthcare, Inc.*, No. CIV-26-693-G, 2026 WL 2584729, *1 (W.D. Okla. Sept. 1, 2026) (citing *Espinoza*). If not, the Court considers whether a permissive extension is nonetheless warranted or whether the action should be dismissed without prejudice. *Id.*

## LAW AND ARGUMENT

### I. THE COURT SHOULD DISMISS THE MOVING DEFENDANTS BECAUSE PLAINTIFF HAS NOT SERVED ANY OF THEM.

#### A. DEFENDANTS NEWMAN, FITZHUGH, AND ATTAWAY HAVE NEVER BEEN ISSUED A SUMMONS.

The failure of service as to Defendants Newman, Fitzhugh, and Attaway is complete and incurable on this record. Rule 4(b) requires that a summons be issued "for each defendant to be served," and Rule 4(c)(1) requires that it be served with the complaint. Plaintiff never asked the Clerk to issue a summons to any of these three individuals. His March 16, 2026 request sought summonses for only the City, "Officer Smith," and Mr. Jacobsma (Doc. 13), and his March 30, 2026 request sought a single summons for Mr.

Jacobsma (Doc. 17). No summons bearing the name of Newman, Fitzhugh, or Attaway appears anywhere in the record, and no proof of service has been filed as to any of them.

Because no summons was ever issued, no valid service on these Defendants was possible. Whatever papers Plaintiff may have sent, delivery of a complaint without a summons "is not merely irregular or defective," but "a nullity." *Burnham*, 403 F.3d at 716. Plaintiff's own March 30, 2026, representation confirms that, as of that date, he had served no one other than Defendant Smith, and he served her only by mailing the amended pleading without a summons. (Doc. 17; Doc. 24 at 15-16.) Nothing in the record suggests that anything changed before the June 15 deadline. Plaintiff cannot carry his burden of establishing valid service on these Defendants. *Oaklawn Apartments*, 959 F.2d at 174.

**B. THE CITY OF DUNCAN HAS NOT BEEN PROPERLY SERVED.**

Plaintiff likewise has not served the City. Although the Clerk issued a summons on March 18, 2026, the proof-of-service portion of that summons is blank, and Plaintiff has never filed a return of service or other proof of service as Rule 4(l)(1) and this Court's April 15 Order require. (Doc. 14 at 1-2; Doc. 19 at 2.) The mere issuance of a summons is not service, and the Court cannot presume service that Plaintiff has never attempted to prove.

Moreover, the summons Plaintiff obtained was directed to the City "Attn: City Attorney" (Doc. 14 at 1), not to the City's chief executive officer as Rule 4(j)(2)(A) contemplates or to any other recipient under Oklahoma law, such as the City Clerk under Okla. Stat. tit. 11, § 9-112. The City Attorney is himself a separately named defendant whom Plaintiff accuses of personal wrongdoing (Doc. 16 at 3), and Plaintiff has identified

no statute or authority designating the City Attorney as an agent for service of process on the municipality. Further, the March 18 summons was issued in connection with Plaintiff's original Complaint, before Plaintiff filed the First Amended Complaint, which is now the operative pleading. Plaintiff has neither served the City with a summons and complaint nor shown otherwise, and the claims against the City should be dismissed.

## II. NO GOOD CAUSE EXISTS FOR A SECOND EXTENSION, AND A PERMISSIVE EXTENSION IS NOT WARRANTED.

Because no Moving Defendant was served within the time allowed, dismissal is required unless Plaintiff shows good cause. *Espinoza*, 52 F.3d at 841. The good-cause standard is a demanding one; "inadvertence or negligence alone" does not suffice, and the plaintiff must show meticulous efforts to comply with the rule. *In re Kirkland*, 86 F.3d 172, 174-76 (10th Cir. 1996); *accord. Strickland v. One Main Finance Group, LLP*, No. CIV-24-00246-JD, 2024 WL 3656769, n. 1 (W.D. Okla. Aug. 5, 2024) (citing *In re Kirkland*). Plaintiff cannot make that showing.

*First*, Plaintiff has already received the benefit of a good-cause extension premised on the circumstances of his filing, transfer, out of state residence, and ongoing criminal case, along with his status as a *pro se* party. (Doc. 12 at 1-2; Doc. 19 at 1-2.) Those circumstances were fully accounted for when the Court extended the deadline to June 15, 2026, a date later than Plaintiff himself requested. (Doc. 12 at 2; Doc. 19 at 2.) They cannot justify a second extension.

*Second*, Plaintiff's pro se status does not excuse noncompliance. Pro se litigants must follow the same rules of procedure that govern other litigants. *Ogden v. San Juan*

*Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"). Indeed, the Tenth Circuit has specifically affirmed Rule 4 dismissals of pro se plaintiffs' claims for failure to effect proper or timely service. *See Constien v. U.S.*, 628 F.3d 1207, 1217 (10th Cir. 2010); *Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992). Plaintiff, moreover, has demonstrated familiarity with Rule 4. He cited it in his own motion, requested summonses by name for selected defendants, and acknowledged the Rule 4(l) proof-of-service requirement in his proposed order. (Doc. 12 at 2; Doc. 12-1 at 2; Docs. 13, 17.)

*Third*, Plaintiff was on clear notice of the requirements and the consequences. The Court's April 15 Order told him exactly what he must do and by when. (Doc. 19 at 2.) in fact, Plaintiff's own proposed order acknowledged that failure to serve any defendant by the extended deadline "may result in dismissal without prejudice as to that Defendant pursuant to Federal Rule of Civil Procedure 4(m) absent a further showing of good cause." (Doc. 12-1 at 2.) And Defendant Smith's April 22 motion explained, nearly two months before the deadline, why service of a pleading without a summons is ineffective. (Doc. 24 at 14-16.) Plaintiff nonetheless never requested summonses for three of the named individual Defendants and never filed proof of service on anyone.

Nor is a permissive extension warranted. In deciding whether to grant one, courts consider factors such as whether the applicable statute of limitations would bar a refiled action and whether the plaintiff has made diligent efforts at service. *See Espinoza*, 52 F.3d

at 842. Neither consideration favors Plaintiff. Plaintiff alleges that the events underlying his claims occurred in September through December 2025. (Doc. 16 at 1-2.) Section 1983 claims arising in Oklahoma are governed by Oklahoma's two-year limitations period, *see Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988) (abrogated on other grounds), so a dismissal without prejudice will not foreclose Plaintiff from refiling. Lastly, Plaintiff's efforts have been anything but diligent. It is now nearly ten months after filing suit and four months to the day from the Court's extended deadline, and three of the individual Moving Defendants have never even been the subject of a summons, much less served with anything. Meanwhile, the Moving Defendants remain named in the lawsuit nonetheless. Rule 4(m) exists precisely to prevent this indefinite limbo.

## CONCLUSION

The Moving Defendants, appearing specially, respectfully request that the Court dismiss without prejudice all claims asserted against each of them in Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(5), and grant such other and further relief as the Court deems just and proper.

Date: October 15, 2026.

Respectfully submitted,

s/ Jeffrey C. Hendrickson

Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
Jessica James Curtis, OBA #35140
**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2903
jhendrickson@piercecouch.com

*Attorneys for Defendants City of Duncan, Oklahoma, Connor Newman, William Fitzhugh, Brian Attaway, appearing specially*

## CERTIFICATE OF SERVICE

I certify that on **October 15, 2026**, I electronically transmitted the attached document to the Clerk of this Court using the ECF System for filing. Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to all ECF registrants who have entered their appearance in this case.

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson

I also hereby certify that on **October 15, 2026**, I served a true and correct copy of the attached document on all parties that are not registered for service via the CM/ECF system for filing, including those specified below, via U.S. mail:

Jose Maria DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
chille@situationcreator.com

*Pro Se Plaintiff*

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson