IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 26 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY ________, DEPUTY

| | |
|---|---|
| JOSE MARIA DeCASTRO,<br>Plaintiff,<br>v.<br>CITY OF DUNCAN, OKLAHOMA, et al.,<br>Defendants. | Case No. CIV-26-27-G |

PLAINTIFF'S RESPONSE IN OPPOSITION TO THE SPECIAL ENTRY OF APPEARANCE AND MOTION TO DISMISS OF DEFENDANTS CITY OF DUNCAN, CONNOR NEWMAN, WILLIAM FITZHUGH, AND BRIAN ATTAWAY (DOC. 33)

Plaintiff Jose Maria DeCastro, appearing pro se, responds in opposition to the Special Entry of Appearance and Motion to Dismiss filed by Defendants City of Duncan, Connor Newman, William Fitzhugh, and Brian Attaway (the "Moving Defendants") (Doc. 33). Plaintiff asks the Court to deny the Motion and to grant Plaintiff's Motion for Extension of Time to Effect Service, filed together with this Response, so that every Defendant can be properly served.

## INTRODUCTION

The Motion relies heavily on the Court's April 15, 2026 Order, which the Moving Defendants say told Plaintiff "exactly what he must do and by when." (Doc. 33 at 10.) The docket shows that the Clerk's mailing of that Order to Plaintiff's address of record was returned to the Clerk the day after it was mailed. (Doc. 20; Doc. 20-1.) The docket does not reflect that the Order was mailed to Plaintiff again. Plaintiff did not receive it and did not know of the June 15, 2026 deadline. (Ex. 1 ¶¶ 3–4.) The Motion does not mention the returned mail.

Plaintiff does not ask the Court to overlook the defects in service, and he does not contend that the returned Order explains every one of them. He acknowledges those

defects and asks for a short, fixed period to cure them. Plaintiff submits that the returned Order establishes good cause. Independently, even if the Court finds no good cause, it has discretion to extend the time for service, and each relevant consideration supports doing so here. Together with this Response, Plaintiff is filing a Motion for Extension of Time to Effect Service. Together with this Response, Plaintiff is also submitting a Request for Issuance of Summons for every Defendant named in the First Amended Complaint.

## STATEMENT OF RELEVANT FACTS

1. Plaintiff filed this action on December 18, 2025, in the Central District of California. It was transferred to this Court on January 8, 2026. (Doc. 19 at 1.)

2. On March 16, 2026, two days before the original Rule 4(m) deadline, Plaintiff moved to extend that deadline (Doc. 12) and requested summonses (Doc. 13).

3. The Clerk issued summonses for the City of Duncan and Defendant Smith. (Doc. 14.) The summons for Dan Jacobsma was not issued because he was not yet a named defendant. (Doc. 15.) After Plaintiff filed his First Amended Complaint naming Mr. Jacobsma (Doc. 16), Plaintiff requested a new summons (Doc. 17), and the Clerk issued it (Doc. 18).

4. On April 15, 2026, the Court granted Plaintiff's motion, citing in part "the preliminary nature of these proceedings," and directed Plaintiff to serve each Defendant and file proof of service no later than June 15, 2026. (Doc. 19 at 1, 2.)

5. The Clerk's envelope containing that Order was addressed to Plaintiff at 5350 Wilshire Blvd., PO Box 36143, Los Angeles, CA 90036, Plaintiff's address of record. It bears an Oklahoma City postmark of April 16, 2026, and the Clerk's stamp showing it was received back on April 17, 2026. (Doc. 20.) The returned contents are the April 15, 2026 Order. (Doc. 20-1.) The envelope does not state why it was returned.

6. The docket does not reflect that the Order was mailed to Plaintiff again. Plaintiff did not receive the Order and did not know of the June 15, 2026 deadline until October 16, 2026, when he learned of the present Motion. (Ex. 1 ¶¶ 3–4.)

7. On April 22, 2026, Defendant Smith moved to dismiss on several grounds, including service. (Doc. 24.) Plaintiff opposed that motion twelve days later (Doc. 25), and briefing on it continued through August 2026 (Docs. 28 through 32). That motion remains pending.

8. The attorneys who entered appearances on April 22, 2026 (Docs. 21, 22, 23) and have defended Defendant Smith since that date are the same attorneys who now appear specially for the Moving Defendants. (Doc. 33 at 12.)

9. The docket reflects no scheduling order, discovery deadline, or trial setting.

## STANDARD

Under Federal Rule of Civil Procedure 4(m), the Court first asks whether the plaintiff has shown good cause for failing to serve within the time allowed. If so, an extension is mandatory. If not, the Court must still consider whether a permissive extension is warranted before dismissing. *Espinoza v. United States*, 52 F.3d 838, 841–42 (10th Cir. 1995). Rule 4(m) gives district courts discretion to extend the time for service even when good cause is not shown. *Henderson v. United States*, 517 U.S. 654, 662–63 (1996); Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

## ARGUMENT

### I. The returned Order supports a finding of good cause.

The Moving Defendants correctly state that good cause requires more than inadvertence or negligence. (Doc. 33 at 9, citing *In re Kirkland*, 86 F.3d 172, 174–76 (10th Cir. 1996).) The returned Order is not ordinary inadvertence. The Order that set the June 15, 2026 deadline was mailed to Plaintiff's correct address of record and was

returned to the Clerk the next day. (Doc. 20; Doc. 20-1.) The record does not show why it was returned. It does show that the Order did not reach Plaintiff by mail, and Plaintiff did not receive it by any other means. (Ex. 1 ¶¶ 2–4.)

The Moving Defendants argue that the April 15 Order gave Plaintiff clear notice of what he had to do and by when. (Doc. 33 at 10.) The April 15 Order did set the deadline, and Plaintiff does not dispute that it was entered. But the returned mailing undermines the argument that Plaintiff personally received notice of that specific deadline. They also point to Defendant Smith's April 22, 2026 motion. (Doc. 33 at 10.) That motion challenged whether service on Defendant Smith was effective, a question Plaintiff briefed and that remains before the Court. It did not inform Plaintiff of the June 15, 2026 deadline.

Plaintiff recognizes that under LCvR5.4, papers sent by the Court are deemed delivered if sent to the last known address given to the Court, and the April 15 Order was sent to Plaintiff's correct address. Plaintiff does not contend the Clerk erred, and he kept his address current. But the record here does not rest on a presumption. The docket itself shows the mailing came back to the Clerk the next day, undelivered. (Doc. 20; Doc. 20-1.) Even if the Court treats the Order as delivered under LCvR5.4, that record bears directly on whether Plaintiff actually knew of the deadline, and it weighs heavily in the discretionary analysis in Part II, which does not depend on a finding of good cause.

Plaintiff recognizes a distinction the Court may draw. Not knowing the specific June 15 date explains why Plaintiff did not seek more time before that date passed. It does not, by itself, explain why service was not completed in the months that followed. Plaintiff acknowledges that he should have pursued service more actively during that period. He did not request summonses for Defendants Newman, Fitzhugh, and Attaway, and the City summons was directed to the City Attorney rather than the City's chief

executive officer. Those were errors by a pro se litigant, and Plaintiff is correcting them now.

Plaintiff's record shows that he acts on the deadlines he knows of. He sought his first extension two days before the original deadline expired. (Doc. 12.) When the Jacobsma summons was not issued, he submitted a corrected request. (Docs. 15, 17, 18.) He opposed Defendant Smith's motion twelve days after it was filed and continued briefing it. (Docs. 25, 29, 31, 32.) That record is consistent with Plaintiff's sworn statement that, had he known of the June 15 deadline, he would have completed service or sought more time before it passed. (Ex. 1 ¶¶ 5, 8.) Plaintiff respectfully submits that the nonreceipt of the Order, together with this record, establishes good cause. At a minimum, it weighs strongly in favor of a permissive extension.

II. Independently of good cause, the Court should grant a permissive extension.

Even if the Court finds no good cause, it must still consider whether a permissive extension is warranted, and it has discretion to grant one. *Espinoza*, 52 F.3d at 841–42; *Henderson*, 517 U.S. at 662–63. This ground stands on its own and does not depend on the Court's view of the returned Order.

First, the Moving Defendants have not identified any concrete prejudice to their ability to defend this case. Plaintiff acknowledges that approximately four months have passed since the June 15, 2026 deadline. But no scheduling order has been entered, no discovery has occurred, and no trial date is set. Defendant Smith's motion to dismiss on the same First Amended Complaint remains pending. The case remains in the preliminary stage the Court recognized in April. (Doc. 19 at 1.) Plaintiff also notes that the same attorneys have participated in this case on behalf of Defendant Smith since April 22, 2026. (Docs. 21 through 24, 28.) Plaintiff does not offer this as proof of service on the Moving Defendants or as consent to jurisdiction. He offers it only to show that the Moving Defendants' current counsel has participated, while representing Defendant

Smith, in litigation involving the same First Amended Complaint, so the case would not begin anew for that counsel if the extension is granted.

Second, dismissal would likely produce duplicative litigation. Plaintiff respects the Moving Defendants' legitimate interest in enforcing Rule 4's deadlines, and he recognizes that dismissal is one way the Rule serves that interest. Here, however, the Moving Defendants concede that a dismissal without prejudice would not prevent Plaintiff from refiling, because Oklahoma's two-year limitations period has not run. (Doc. 33 at 11.) Dismissal would therefore lead to a new action, a new filing fee, and new service on the same Defendants over the same events, likely running alongside this case. A short, fixed extension accomplishes the purpose of Rule 4 with less burden on the Court and the parties.

Third, Plaintiff is proceeding pro se, and his filings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff recognizes that pro se status does not excuse compliance with the Federal Rules. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). He does not ask to be excused. He asks for a short, fixed period to comply.

Fourth, Plaintiff acted promptly once he learned of the expired deadline. He is filing this Response and his Motion for Extension of Time. On October 16, 2026, the day he learned of the expired deadline, Plaintiff asked counsel for the Moving Defendants whether they would consent to an extension, whether counsel was authorized to accept service, and whether the individual Defendants would waive service under Rule 4(d). Counsel responded the same day that his clients object to any extension, that he is not authorized to accept service, and that they will not waive service. Plaintiff is therefore submitting a Request for Issuance of Summons for every Defendant named in the First Amended Complaint and has arranged for two adults in Oklahoma who are not parties to

this action to personally deliver each summons and the First Amended Complaint once the summonses issue. (Ex. 1 ¶ 7.)

III. Plaintiff will serve the City of Duncan through its chief executive officer.

The Moving Defendants note that the City summons was directed to the City Attorney rather than the City's chief executive officer. (Doc. 33 at 8–9.) Plaintiff accepts that correction. The City Manager acts as the chief executive officer of the City of Duncan. Plaintiff is requesting a summons directed to the City through its City Manager and will serve the summons and the First Amended Complaint as Rule 4(j)(2)(A) provides.

CONCLUSION

The Order that set the June 15, 2026 deadline was returned to the Clerk, and Plaintiff did not receive it. Plaintiff acknowledges the defects in service and is curing them. Whether on a finding of good cause or in the Court's discretion, Plaintiff respectfully asks the Court to deny the Moving Defendants' Motion to Dismiss (Doc. 33) and to grant Plaintiff's Motion for Extension of Time to Effect Service.

Dated: October 20, 2026

Respectfully submitted,

/s/ Jose Maria DeCastro
Jose Maria DeCastro, Pro Se
5350 Wilshire Blvd.
PO Box 36143
Los Angeles, CA 90036
310-963-2445
chille@situationcreator.com

CERTIFICATE OF SERVICE

I certify that on October 20, 2026, I served a true and correct copy of the foregoing Response and its Exhibit 1 by first-class U.S. Mail, postage prepaid, on counsel of record for Defendants Suzannahe Smith, City of Duncan, Connor Newman, William Fitzhugh,

and Brian Attaway: Robert S. Lafferrandre, Jeffrey C. Hendrickson, and Jessica James Curtis, Pierce Couch Hendrickson Baysinger & Green, L.L.P., 1109 North Francis Avenue, Oklahoma City, Oklahoma 73106; and by first-class U.S. Mail, postage prepaid, on Defendant Dan Jacobsma, 101 N. Main Street, Suite 140, Altus, Oklahoma 73521, and Defendant David Hammond, Stuart & Hammond, P.C., 1111 W. Willow Avenue, Suite 100, Duncan, Oklahoma 73533, who have not appeared in this action.

/s/ Jose Maria DeCastro
Jose Maria DeCastro