FILED
OCT 26 2026
JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST OKLA
BY [signature] DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSE MARIA DeCASTRO,

Plaintiff,

v.

CITY OF DUNCAN, OKLAHOMA, et al.,

Defendants.

Case No. CIV-26-27-G

# PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE ON ALL DEFENDANTS

Plaintiff Jose Maria DeCastro, appearing pro se, moves under Federal Rule of Civil Procedure 4(m) and LCvR6.3 for an extension of time to serve each Defendant named in the First Amended Complaint (Doc. 16). In support, Plaintiff states:

1. Deadline. The Court-extended deadline for service was June 15, 2026, set by the Court's April 15, 2026 Order. (Doc. 19.) That deadline has expired.

2. Previous extensions. Plaintiff filed one previous motion to extend the service deadline (Doc. 12). The Court granted it. (Doc. 19.)

3. Reasons. The April 15, 2026 Order was mailed to Plaintiff's address of record on April 16, 2026, and the mailing was returned to the Clerk on April 17, 2026. (Doc. 20; Doc. 20-1.) Plaintiff did not receive the Order and did not know of the June 15, 2026 deadline until October 16, 2026. (Ex. 1, Declaration of Jose Maria DeCastro, ¶¶ 3–4.) Plaintiff also acknowledges that he did not request summonses for Defendants Newman, Fitzhugh, and Attaway, and that the City summons was directed to the City Attorney rather than the City's chief executive officer. The Declaration is attached to this Motion as Exhibit 1, and the grounds are set out more fully in Plaintiff's Response in Opposition to Doc. 33, filed together with this Motion.

4. Governing standard. Rule 4(m) governs this request. If good cause is shown, the Court must extend the time for service. If it is not, the Court must still consider whether a permissive extension is warranted, and it has discretion to grant one. *Espinoza v. United States*, 52 F.3d 838, 841–42 (10th Cir. 1995); *Henderson v. United States*, 517 U.S. 654, 662–63 (1996). Plaintiff submits that good cause exists, and independently asks the Court to exercise its discretion. The considerations below support a discretionary extension under Rule 4(m).

5. Length of delay. Plaintiff acknowledges that the length of the delay is the most difficult consideration. Approximately four months passed between the June 15, 2026 deadline and the date Plaintiff learned of it. But the delay has had little impact on the proceedings. No scheduling order has been entered, no discovery has occurred, and no trial date is set. The 45 days requested would allow service to be completed promptly without displacing any date the Court has set, regardless of when the Court rules on Defendant Smith's pending motion.

6. Prejudice, reason, and good faith. The Moving Defendants have not identified any concrete prejudice to their ability to defend. The principal reason Plaintiff did not seek more time before June 15, 2026, the return of the Court's Order undelivered to him, was outside his control. Plaintiff acted in good faith and moved promptly after learning of the expired deadline.

7. Limitations. The Moving Defendants concede that the limitations period has not run. (Doc. 33 at 11.) A dismissal without prejudice would therefore lead to a new action against the same Defendants over the same events, while an extension resolves service within this case.

8. Effect on other deadlines. The docket reflects no scheduling order, discovery deadline, or trial setting. The requested extension would not affect any other date set by the Court.

9. Summonses. Together with this Motion, Plaintiff is submitting a Request for Issuance of Summons for every Defendant named in the First Amended Complaint, including a replacement summons directed to the City of Duncan through its City Manager as its chief executive officer.

10. Service history by Defendant. The Defendants' circumstances differ. No summons has previously been requested or issued for Defendants Newman, Fitzhugh, Attaway, or Hammond. Summonses were issued for the City of Duncan (directed to the City Attorney) and Defendant Smith (Doc. 14) and for Mr. Jacobsma (Doc. 18), but no proof of service has been filed for any of them. Defendant Smith has appeared through counsel and moved to dismiss, contesting the sufficiency of service on her (Doc. 24); that motion remains pending. Plaintiff seeks the same extension as to each Defendant so that service can be completed, or confirmed, on all of them. No Defendant has been dismissed.

11. Position of opposing counsel. On October 16, 2026, Plaintiff emailed Jeffrey C. Hendrickson, copying Robert S. Lafferrandre and Jessica James Curtis, to request the Moving Defendants' position on this Motion. Mr. Hendrickson replied the same day, stating that his clients object to any extension of time to serve them. He further stated that he is not authorized to accept service for them, that they will not waive service, and that his office does not consent to electronic service.

## RELIEF REQUESTED

Plaintiff requests an order (1) granting this Motion; (2) extending the deadline for Plaintiff to complete service of a summons and the First Amended Complaint (Doc. 16)

on each Defendant named in it to 45 days after entry of the Court's order; (3) directing that proof of each service be filed as required by Federal Rule of Civil Procedure 4(l) and LCvR4.2, within 14 days after that service is made; and (4) directing the Clerk to issue summonses for each Defendant as requested in Plaintiff's Request for Issuance of Summons.

Dated: October 20, 2026

Respectfully submitted,

/s/ Jose Maria DeCastro
José Maria DeCastro, Pro Se
5350 Wilshire Blvd.
PO Box 36143
Los Angeles, CA 90036
310-963-2445
chille@situationcreator.com

CERTIFICATE OF SERVICE

I certify that on October 20, 2026, I served a true and correct copy of the foregoing Motion, its Exhibit 1, and the proposed order by first-class U.S. Mail, postage prepaid, on counsel of record for Defendants Suzannahe Smith, City of Duncan, Connor Newman, William Fitzhugh, and Brian Attaway: Robert S. Lafferrandre, Jeffrey C. Hendrickson, and Jessica James Curtis, Pierce Couch Hendrickson Baysinger & Green, L.L.P., 1109 North Francis Avenue, Oklahoma City, Oklahoma 73106; and by first-class U.S. Mail, postage prepaid, on Defendant Dan Jacobsma, 101 N. Main Street, Suite 140, Altus, Oklahoma 73521, and Defendant David Hammond, Stuart & Hammond, P.C., 1111 W. Willow Avenue, Suite 100, Duncan, Oklahoma 73533, who have not appeared in this action.

/s/ Jose Maria DeCastro
Jose Maria DeCastro