**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE MARIA DeCASTRO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DUNCAN, OKLAHOMA; *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-27-G |

**SPECIAL ENTRY OF APPEARANCE AND REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS CITY OF DUNCAN, CONNOR NEWMAN, WILLIAM FITZHUGH, AND BRIAN ATTAWAY**

Defendants City of Duncan, Oklahoma, Connor Newman, William Fitzhugh, and Brian Attaway (collectively "Moving Defendants"), in their individual and official capacities, hereby respectfully submit the following Reply in Support of their Motion to Dismiss.

## ARGUMENTS AND AUTHORITIES

### I. PLAINTIFF CANNOT SHOW GOOD CAUSE BECAUSE, AMONG OTHER REASONS, HE ADMITTED TO HAVING ACTUAL NOTICE OF THE ORDER IN HIS RESPONSE TO DEFENDANT SMITH'S MOTION TO DISMISS.

The Moving Defendants reassert their argument that Plaintiff has failed to show good cause for a second mandatory extension to serve the Moving Defendants. After failing to serve the Moving Defendants within the original 90-day deadline, Plaintiff argued that

he was entitled to additional time as a *pro se* litigant residing in California with pending criminal proceedings against him. [*See* Pl.'s Mot. for Extension of Time, ECF 12]. This resulted in the Court granting Plaintiff an additional 90 days to complete service on the Moving Defendants. [*See* Order, ECF 19].

Now, Plaintiff argues that he was not aware of the new deadline until Defendants filed the present motion. [*See* Pl.'s Resp., ECF 34, at 1; *see also* Declaration of Jose Maria DeCastro, ECF 35, ¶¶ 3-5, at 1]. He claims this was because he did not receive the Order in the mail and submits a sworn statement under oath that is true. At least as to whether Plaintiff knew about the June 15 deadline, his representations to the Court appear to be completely false. In his response to Defendant Smith's Motion to Dismiss, filed May 4, 2026, Plaintiff point-blank acknowledged that the Court's Order gave him until June 15, 2026, to effectuate service twice in his Response to Defendant Suzannah Smith's Motion to Dismiss, which he filed a full forty-two days before the deadline was set to elapse. To wit:

> "Defendant's service argument warrants brief response. ***The Court has already granted Plaintiff an extension until June 15, 2026, to effectuate service. (Doc. 19).*** Sergeant Smith has actual notice of this action and the operative First Amended Complaint, having received a copy via certified mail on or about March 30, 2026. (Doc. 24 at 15). Any defect in the form of service is curable within the time the Court has already allowed. Plaintiff will request issuance of a new summons directed to Sergeant Smith and effect proper service well before the June 15 deadline. Dismissal on this ground would be inconsistent with Rule 4(m) and the extension already granted by Doc. 19."

[*See* ECF 25, at 19 (emphasis added)]. Accordingly, Plaintiff cannot suddenly claim excusable neglect due to the Court's failure to provide him with notice of the Order by mail.

Moreover, Plaintiff has been on notice of the strict requirements for completing service under Rule 4 since filing his first Motion for Extension of Time to Effectuate Service filed on March 16, 2026 (which cited Rule 4(m) and requested an extension for good cause). [*See* ECF 12, ¶ 4). After being granted an additional three months, he failed to complete service on the Moving Defendants as ordered. While Plaintiff did request the issuance of summonses to the City and Smith after the Order was issued, he has never furnished any *proof* of service, which is required by both Fed. R. Civ. P. 4(I)(1) and the Order.

Plaintiff has filed a Motion for Extension of Time Effect Service on All Defendants, but fails to persuasively argue that any good cause exists. The simple truth is that Plaintiff has failed to comply or even demonstrate a good faith effort to comply with the Order despite being granted additional time by the Court. Accordingly, Plaintiff's claims against the Moving Defendants must be dismissed without prejudice.

## II. PLAINTIFF HAS STILL FAILED TO PERSUASIVELY ARGUE IN FAVOR OF A PERMISSION EXTENSION.

There are no factors present in this case that would warrant a permissive extension of the deadline under Rule 4(m), such as whether refiling a dismissed action would be barred by the applicable statute of limitations, a litigant's pro se status, and whether there is evidence of diligent efforts at service. *See Espinoza*, 52. F.3d at 842. A dismissal of

Plaintiff's 42 U.S.C. § 1983 claims without prejudice would permit him to re-file before Oklahoma's two-year limitations period has run. *See Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988) (abrogated on other grounds). Moreover, as previously discussed, Plaintiff cannot rely on his pro se status to seek two extensions of his obligations under Rule 4(m).

Furthermore, Plaintiff correctly notes that the statute of limitations has not run in this case. As a result, the dismissal of his claims against the Moving Defendants without prejudice would not deprive him of his opportunity to pursue his claims against them. The fact that Plaintiff would have to expend additional time and resources refiling his claims against the Moving Defendants is a consequence he has brought upon himself by failing to abide by the Court's Order.

Moreover, Plaintiff argues that allowing the case to proceed will not prejudice the Moving Defendants. To the contrary, the Moving Defendants have already been prejudiced by being kept in a state of limbo for ten months without proper service. The more time passes, the more difficult it will be for the Moving Defendants to mount effective defenses due to fading memories, unavailability of witnesses, and evidence becoming harder to locate and preserve. These challenges will only compound further if this case is allowed to drag on indefinitely.

Plaintiff also argues that the Moving Defendants will not be prejudiced by another extension because the case is still in the preliminary stage. The sole reason the case has failed to advance for ten months is Plaintiff's inability to timely serve Defendants. Without proper service, Defendants are not required to file responsive pleadings. Plaintiff also

confusingly cites the lack of a scheduling order as just cause for an extension, which has no bearing on this issue because scheduling orders governs a completely separate stage of a lawsuit than Rule 4(m).

Plaintiff requests a "short, fixed period to comply" with Rule 4(m), but that was already granted by the Order. If reasonable obstructions to completing service on Defendants existed, Plaintiff has failed to allege them or produce evidence of diligent efforts to overcome those obstructions. Rather, he has allowed the case to languish through inaction at the expense of Defendants. There is no reason to believe Plaintiff make will better use of his time if permitted another extension by the Court. Defendants are within their statutory rights to seek dismissal of his claims without prejudice and reiterate their request for dismissal to the Court.

## **CONCLUSION**

WHEREFORE, the Moving Defendants hereby respectfully request that the Court dismiss without prejudice all claims asserted against each of them in Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(5), and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Jeffrey C. Hendrickson

Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
Jessica James Curtis, OBA #35140
**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2903
jhendrickson@piercecouch.com

*Attorneys for Defendants City of Duncan, Oklahoma, Connor Newman, William Fitzhugh, Brian Attaway, appearing specially*

# CERTIFICATE OF SERVICE

I certify that on **November 2, 2026**, I electronically transmitted the attached document to the Clerk of this Court using the ECF System for filing. Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to all ECF registrants who have entered their appearance in this case.

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson

I also hereby certify that on **November 2, 2026**, I served a true and correct copy of the attached document on all parties that are not registered for service via the CM/ECF system for filing, including those specified below, via U.S. mail:

Jose Maria DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
chille@situationcreator.com

*Pro Se Plaintiff*

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson