**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE MARIA DeCASTRO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DUNCAN, OKLAHOMA;<br>SUZANNAHE SMITH, in her individual and official capacities;<br>CONNOR NEWMAN, in his individual and official capacities;<br>WILLIAM FITZHUGH, in his individual and official capacities;<br>BRIAN ATTAWAY, in his individual and official capacities;<br>DAVID HAMMOND, in his individual and official capacities;<br>DAN JACOBSMA, in his individual and official capacities;<br>DOES 1-10, inclusive,<br><br>Defendants. | ) | Case No. CIV-26-27-G |

**DEFENDANTS' AMENDED SPECIAL ENTRY OF APPEARANCE AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE ON ALL DEFENDANTS**

Defendants City of Duncan, Oklahoma, Connor Newman, William Fitzhugh, Brian Attaway, and Suzannahe Smith (individually a "Defendant" and collectively the "Defendants"), by and through their undersigned counsel, respectfully submit this

Amended[1] Response and move the Court to deny Plaintiff's Motion for Extension of Time to Effect Service on All Defendants.

**INTRODUCTION**

Due to Plaintiff's repeated failure to file proof of completed service upon the Defendants, this case has remained pending for ten months. After Plaintiff filed this case in the Western Division for the Central District of California on December 18, 2025, it was transferred to this Court on January 8, 2025 (Doc. 19 at 1). Thereafter, Plaintiff failed to effect service upon any defendant within the statutorily permitted ninety-day period permitted under Fed. R. Civ. P 4(m) ("Rule 4(m)") and requested a good-cause extension three days before the deadline. *Id.* at 2. The Court granted Plaintiff's request for good cause and issued an Order requiring that Plaintiff "must serve each defendant and submit proper proof of service in compliance with the requirements of Rule 4(m) no later June 15, 2026. *Id.*

Since the Order was issued, Plaintiff has failed to properly complete service upon a single Defendant. The only summons Plaintiff has issued were for Defendants City of Duncan, Oklahoma (the "City") Suzannahe Smith, and District Attorney Dan Jacobsma. However, these summonses did not bear a clerk's issuance notation and their proof-of-service portions were blank. Plaintiff has never requested or provided proof of completed service for the other Defendants despite having six months to do so. He now seeks a second

[1] The response is amended to remove "David Hammond" from the initial paragraph describing the defendants that are responding to the motion.

extension of time to serve the Defendants without showing good cause. As such, Plaintiff's request should be denied without prejudice.

## STATEMENT OF FACTS

Defendants adopt and incorporate the facts as recited in their Joint Special Entry of Appearance and Motion to Dismiss, [*see* ECF 33, at 3-5].

## ARGUMENTS AND AUTHORITIES

The Tenth Circuit and its district courts generally employ a two-pronged inquiry to determine whether to grant an extension to effect service under Fed. R. Civ. P. 4(m). *Espinoza v. United States*, 52 F.3d 838, 841-42 (10th Cir. 1995). If good cause is shown, the extension must be granted mandatorily. A plaintiff cannot merely cite inadvertence or negligence as the sole basis for "good cause" for failure of timely service. *Putnam v. Morris*, 833 F.2d 903, 904 (10th Cir.1987). "To rely on the **good cause** provision, a plaintiff 'must show meticulous efforts to comply with the rule.'" *Kim v. Dep't of Def.*, CIV-23-934-R, 2024 WL 559712, at *1 (W.D. Okla. Feb. 12, 2024) (quoting *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996)).

Second, the court will determine whether to exercise is discretionary authority to grant a permissive extension even if good cause is not established. *Espinoza* at 841. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Dahn v. United States*, 77 F.3d 492 (10th Cir. 1996). The Advisory Committee's note for Rule 4(m) outlined the following factors:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the

> consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. E.g., *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D.Mich.1987). A specific instance of good cause is set forth in paragraph (3) of this rule, which provides for extensions if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations. The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition. *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir.1989).

Fed. R. Civ. P. 4(m) advisory committee's note (1993).

## I. PLAINTIFF HAS NOT DEMONSTRATED GOOD CAUSE FOR A SECOND EXTENSION.

Plaintiff's first request for an extension was granted for good cause on the basis that he was an out-of-state litigant, represented himself pro se, and was the subject of pending criminal proceedings. Defendants did not oppose Plaintiff's request and the Court's finding of good cause was reasonable. However, Plaintiff has allowed the deadline to complete service under Rule 4(m) lapse a second time without any viable excuse, and the justifications he plead in support of his first extension request cannot serve as the basis for a second good-cause extension.

The crux of Plaintiff's argument for good cause in this instance is that he was not aware of the new deadline until Defendants filed the present motion. [*See* Pl.'s Resp., ECF 34, at 1; *see also* Declaration of Jose Maria DeCastro, ECF 35, ¶¶ 3-5, at 1]. He claims this was because he did not receive the Order in the mail and submits a sworn statement under oath that is true. At least as to whether Plaintiff knew about the June 15 deadline, his

representations to the Court appear to be completely false. In his response to Defendant Smith's Motion to Dismiss, filed May 4, 2026, Plaintiff point-blank acknowledged the Court's Order giving him until June 15, 2026, to effectuate service in his Response to Defendant Suzannah Smith's Motion to Dismiss. Plaintiff made this statement a full forty-two days before the deadline was set to elapse. To wit:

> "Defendant's service argument warrants brief response. ***The Court has already granted Plaintiff an extension until June 15, 2026, to effectuate service. (Doc. 19).*** Sergeant Smith has actual notice of this action and the operative First Amended Complaint, having received a copy via certified mail on or about March 30, 2026. (Doc. 24 at 15). Any defect in the form of service is curable within the time the Court has already allowed. Plaintiff will request issuance of a new summons directed to Sergeant Smith and effect proper service well before the June 15 deadline. Dismissal on this ground would be inconsistent with Rule 4(m) and the extension already granted by Doc. 19."

[*See* ECF 25, at 19 (emphasis added)]. Accordingly, Plaintiff cannot suddenly claim excusable neglect due to the Court's failure to provide him with notice of the Order by mail.

Therefore, Plaintiff's assertion that he lacked notice of the Order and the new deadline is demonstrably false. It is irrefutable that Plaintiff knew of the Order at least 42 days before the deadline expired, regardless of whether he received a copy of the Order by mail. He cannot now assert a lack of notice of the Order because his own briefing explicitly contradicts this assertion. Furthermore, Plaintiff also had constructive notice of the Order regardless of whether he received a copy in the mail. After filing his unopposed extension request, Plaintiff should have known that the Court would eventually issue a ruling on the matter. Plaintiff cannot be excused for his failure to do his due diligence and keep abreast

of developments in the Court's docket. The Tenth Circuit has clearly held that ignorance of the rules is not sufficient grounds for a good-cause extension. Plaintiff, despite being a pro se litigant, is still required to abide by the procedural requirements of Rule 4(m) that govern the other parties. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). He has already invoked his pro se status once to obtain an extension. He should not be allowed to rely on it again considering he has now failed to comply with the same procedural rule twice, especially considering his willingness to mislead the Court.

In any event, as of now, Plaintiff has had a full six months to file proof of completed service with the Court. He has failed to comply by presenting proof of service or evidence of good faith effort at compliance. He has not provided proof that service for a single Defendant. He has never attempted to serve Newman, Fitzhugh, or Attaway, and he has never provided proof of service for the summons issued to the City and Smith. While good cause may have existed for granting the first extension, there is certainly none to be found here. Plaintiff fully understood the consequences of non-compliance with Rule 4(m) and failed to act despite in spite of the good-cause extension granted by the Court. Therefore, Plaintiff's request for a good-cause extension should be denied.

## II. THERE ARE NO FACTORS WARRANTING A PERMISSIVE EXTENSION.

In determining whether a permissive extension is warranted in the absence of good cause, courts consider factors such as whether refiling a dismissed action would be barred by the applicable statute of limitations, a litigant's pro se status, and whether there is evidence of diligent efforts at service. *See Espinoza*, 52. F.3d at 842. A dismissal of

Plaintiff's 42 U.S.C. § 1983 claims without prejudice would permit him to re-file before Oklahoma's two-year limitations period has run. *See Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988) (abrogated on other grounds). Moreover, as previously discussed, Plaintiff cannot rely on his pro se status to seek two extensions of his obligations under Rule 4(m).

Finally, Plaintiff has failed to demonstrate any due diligence in attempting to serve the Defendants. In the six-month window he was afforded by the Court, he has failed to properly serve four of the Defendants and not even attempted to serve the other three. Meanwhile, Defendants have been forced to remain in a state of uncertainty for ten months and will be prejudiced by further delays.

Plaintiff's argument that an additional extension will not prejudice Defendants is also untrue. As of now, this case has remained in the preliminary stage for ten months solely due to Plaintiff's inexcusable delay. No responsive pleadings have been filed by Defendants because they have yet to be properly served. The fact that scheduling order has not been entered is also irrelevant because scheduling orders typically govern discovery deadlines *after* the appearance of defendants in a case while Rule 4(m) governs the time limit for service of process at the outset of a case.

Rule 4(m) was enacted to ensure prompt notice of a lawsuit and protect defendants from lingering, indefinite threats of litigation. Plaintiff has had actual notice of his requirement to provide proof of service by June 15, 2026, and failed to comply. Granting his second extension request will only produce further delays that will potentially jeopardize Defendants' ability to mount an effective defense because witnesses may

become unavailable or their memories will fade and preserving evidence will become increasingly difficult. Therefore, Plaintiff's request for additional time should be denied.

## CONCLUSION

WHEREFORE, Defendants hereby respectfully request that the Court deny Plaintiff's Motion for Extension of Time to Effect Service on All Defendants and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Jeffrey C. Hendrickson

Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
Jessica James Curtis, OBA #35140
**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2903
jhendrickson@piercecouch.com

*Attorneys for Defendant Suzannahe Smith, and Defendants Connor Newman, William Fitzhugh, Brian Attaway, appearing specially*

**CERTIFICATE OF SERVICE**

I certify that on **November 3, 2026**, I electronically transmitted the attached document to the Clerk of this Court using the ECF System for filing. Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to all ECF registrants who have entered their appearance in this case.

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson

I also hereby certify that on **November 3, 2026**, I served a true and correct copy of the attached document on all parties that are not registered for service via the CM/ECF system for filing, including those specified below, via U.S. mail:

Jose Maria DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
chille@situationcreator.com

*Pro Se Plaintiff*

s/ Jeffrey C. Hendrickson
Jeffrey C. Hendrickson