IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
NOV 09 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY [signature], DEPUTY

JOSE MARIA DeCASTRO,

Plaintiff,

v.

CITY OF DUNCAN, OKLAHOMA, et al.,

Defendants.

Case No. CIV-26-27-G

PLAINTIFF'S MOTION FOR PROMPT RULING ON MOTION FOR EXTENSION OF TIME (DOC. 36) AND FOR ORDER DIRECTING THE CLERK TO ISSUE SUMMONSES, WITH NOTICE OF DEFENDANT HAMMOND'S CURRENT ADDRESS

Plaintiff Jose Maria DeCastro, appearing pro se, respectfully asks the Court to rule on his pending Motion for Extension of Time to Effect Service (Doc. 36), to set a short and fixed deadline for service, and to direct the Clerk to issue summonses for each Defendant. Plaintiff also gives notice of Defendant David Hammond's current address. In support, Plaintiff states:

FACTS

1. On October 26, 2026, Plaintiff filed his Motion for Extension of Time to Effect Service (Doc. 36). Attached to that motion was Plaintiff's Request for Issuance of Summons for all seven named Defendants, with a completed AO 440 summons form for each (Doc. 36-2).

2. On November 5, 2026, Plaintiff telephoned the Clerk's Office to ask about the status of those summonses. A deputy clerk advised Plaintiff that the Clerk's Office would not issue summonses in this case while the Court's ruling on Doc. 36 is pending.

3. On October 20, 2026, Plaintiff mailed papers in this case to Defendant David Hammond at Stuart & Hammond, P.C., 1111 W. Willow Avenue, Suite 100, Duncan, Oklahoma 73533, the address listed for him in Doc. 36-2. The United States Postal Service returned that envelope to Plaintiff marked "UNABLE TO FORWARD," with a return label dated October 28, 2026. A photograph of the returned envelope is attached as Exhibit A.

4. Upon information and belief, based on current public business listings, Defendant Hammond now practices with Hammond, Archer & Kee, PLLC, 1102 W. Maple Avenue, Duncan, Oklahoma 73533. A completed AO 440 summons form for Defendant Hammond at that address is attached as Exhibit B.

5. The Court's docket also reflects that the Clerk's mailing of the Court's April 15, 2026 Order (Doc. 19) to Plaintiff was returned to the Clerk (Doc. 20). Plaintiff is separately moving for leave to use the Court's CM/ECF system so that he receives filings and orders electronically.

6. Plaintiff has arranged for Steve Konkler, an adult who is not a party to this action, to serve the summons and First Amended Complaint (Doc. 16) on each Defendant as soon as summonses issue. Mr. Konkler has been instructed to serve each Defendant as follows:

(a) City of Duncan, Oklahoma: by delivering the summons and complaint to Chris Deal, City Manager and chief executive officer of the City, pursuant to Fed. R. Civ. P. 4(j)(2)(A); and, pursuant to Fed. R. Civ. P. 4(j)(2)(B) and 11 O.S. § 22-103, also by delivering the summons and complaint to the City Clerk, or in the City Clerk's absence to a deputy city clerk, and to the Mayor, all at Duncan City Hall, 1600 S. Highway 81, Duncan, Oklahoma 73533. Serving all of these officials avoids any question about the proper recipient. *See Washington v. City of Oklahoma City*, No. CIV-20-266-D, Doc. 116 (W.D. Okla. Mar. 2, 2021) (quashing service on a city legal clerk because 11 O.S. § 22-103 requires service on the municipal clerk);

(b) Defendants Smith, Newman, Fitzhugh, and Attaway: by delivering the summons and complaint to each Defendant personally, pursuant to Fed. R. Civ. P. 4(e)(2)(A), at the Duncan Police Department, 100 S. 7th Street, Duncan, Oklahoma 73533, or wherever each Defendant can be found;

(c) Defendant Hammond: by personal delivery at 1102 W. Maple Avenue, Duncan, Oklahoma 73533, or wherever he can be found; and

(d) Defendant Jacobsma: by personal delivery at the Office of the District Attorney, 101 N. Main Street, Suite 140, Altus, Oklahoma 73521, or wherever he can be found.

The First Amended Complaint names Defendants Smith, Newman, Fitzhugh, Attaway, and Hammond in both their individual and official capacities, and identifies each as an officer or official of the City of Duncan, including Defendant Hammond as the City Attorney (Doc. 16 at 1-3, ¶¶ 11-15). Personal service under Rule 4(e) addresses the individual-capacity claims. The official-capacity claims against these five Defendants are claims against the City itself, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and will be served through service on the City described in subparagraph (a). Defendant Jacobsma, the District Attorney for District 6, is sued in his individual capacity and for prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908) (Doc. 16 at 1, 3, ¶ 16). Plaintiff will serve Defendant Jacobsma personally.

If personal delivery to any individual Defendant cannot be accomplished, Plaintiff will use another method authorized by Fed. R. Civ. P. 4(e). Plaintiff has also asked the Clerk's Office to send the issued summonses to him by email, at Plaintiff's expense, so that service is not delayed by mail.

## ARGUMENT

7. Rule 4(m) involves two separate questions. First, if the plaintiff shows good cause for the failure to serve, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, even if good cause is not shown, the court "must still consider whether a permissive extension of time may be warranted," and it has discretion to grant one. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The discretionary extension does not depend on resolving the good cause question. Whatever the Court concludes about the earlier deadline, it may independently decide that the circumstances now presented warrant a short, fixed period for service.

8. Once a summons is properly completed and presented, "the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). Plaintiff has presented completed summons forms for every Defendant (Doc. 36-2), and a corrected form for Defendant Hammond (Exhibit B). Plaintiff acknowledges that service was not completed by the Court's

earlier deadline; Plaintiff will address that issue in his reply in support of Doc. 36. At present, however, the Clerk's Office has advised that it will withhold the summonses pending a ruling, and that is the immediate obstacle to carrying out the service arrangements described above.

9. A prompt ruling serves the purpose of Rule 1, which directs that the Rules be applied "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendants concede that the two-year limitations period has not run (Doc. 39 at 6-7). Dismissal without prejudice could therefore require these same claims, if they remain timely and otherwise viable, to be refiled against the same Defendants. Allowing service in this existing case would avoid duplicative litigation, an additional filing fee, another round of summonses, and further delay for the Court and the parties.

10. Plaintiff respectfully proposes that the Court allow 30 days from the date of its order for Plaintiff to effect service on each Defendant. Plaintiff will file proof of service under Rule 4(l) promptly after service on each Defendant is accomplished.

## LOCAL RULE 6.3 STATEMENT

11. As required by LCvR 6.3, Plaintiff states: (a) without an extension, service under Rule 4(m) was due on March 18, 2026 (Doc. 19 at 1); (b) on Plaintiff's motion filed March 16, 2026 (Doc. 12), the Court found good cause and extended the deadline to June 15, 2026 (Doc. 19), and Plaintiff's second motion for extension, filed October 26, 2026 (Doc. 36), remains pending; no other extension of this deadline has been requested; (c) the reasons for the requested extension are set out in Doc. 36 and in paragraphs 1 through 6 above; (d) Defendants' position is stated in paragraph 12 below; (e) no scheduling order has been entered and no trial date or other case deadline has been set, so the requested extension does not affect any other deadline; and (f) the exact relief requested is set out below and in the accompanying proposed order.

## STATEMENT OF CONFERENCE

12. On November 5, 2026, Plaintiff contacted Jeffrey C. Hendrickson, counsel for Defendants City of Duncan, Smith, Newman, Fitzhugh, and Attaway, by email, to ask whether

those Defendants oppose the relief requested in this motion. On November 6, 2026, counsel responded by email that those Defendants object. Defendants Hammond and Jacobsma have not appeared, and Plaintiff has no counsel of record with whom to confer for them.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) rule promptly on Plaintiff's Motion for Extension of Time to Effect Service (Doc. 36);

(b) grant Plaintiff 30 days from the date of the Court's order to effect service on each of the seven named Defendants, namely the City of Duncan, Oklahoma, Suzannahe Smith, Connor Newman, William Fitzhugh, Brian Attaway, David Hammond, and Dan Jacobsma, with proof of service to be filed promptly after service is accomplished;

(c) direct the Clerk to issue summonses for each of those Defendants on the forms submitted at Doc. 36-2, using the corrected form for Defendant Hammond attached as Exhibit B; and

(d) grant such other relief as the Court deems just.

Dated: November 6, 2026

Respectfully submitted,

Jose Maria DeCastro, Pro Se
5350 Wilshire Blvd., PO Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com

# CERTIFICATE OF SERVICE

I certify that on November 6, 2026, I mailed this motion, Exhibits A and B, and the accompanying proposed order to the Clerk of Court for filing, and on the same date served a true and correct copy of each by United States mail, first class postage prepaid, on the following counsel of record at their firm address:

Jeffrey C. Hendrickson
Robert S. Lafferrandre
Jessica James Curtis
Pierce Couch Hendrickson Baysinger & Green, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Attorneys for Defendants City of Duncan, Smith, Newman, Fitzhugh, and Attaway

Jose Maria DeCastro